# SUPREME COURT.

JOHN P. AMES agt. JOHN E. RATHBUN and ECKLEY W. STEARNS.

*Advice of counsel*, given upon a full and fair statement of the case, and acted upon in good faith, is no doubt a good defense to an action for *malicious prosecution*.

But where the statement on which such advice is given, corresponds in all respects with the facts contained in the affidavit upon which the plaintiff was arrested; which affidavit states that the plaintiff *falsely and fraudulently* represented to the defendants that &c. And on the trial, the jury find that there was no probable cause for the accusation of fraud, there is no ground for saying that the statement to counsel was fairly made or that it was in good faith acted upon.

*Second District, General Term, July,* 1869.

*Before* LOTT, *P. J.,* GILBERT, BARNARD *and* TAPPEN, *Justices.*

THIS action was brought by the plaintiff against the defendants to recover damages for a malicious prosecution: The plaintiff was arrested by the defendants in a justice's court in New York city. The action in which he was arrested was for fraud, the defendants alleging that he had obtained money from them by means of false and fraudulent representations. He gave bail, and on the adjourned day the respective parties appeared and proceeded with the trial, and the justice, after hearing the proofs in the case, dismissed the complaint.

One of the defendants died, leaving no property; the other one has availed himself of the bankrupt act. The action has been tried three times, and each time a verdict was rendered for the plaintiff, except the first, and then the jury did not agree.

GEORGE W. RATHBUN, *attorney, and*

Ames agt. Stearns.

WILLIAM W. MANN, *counsel for defendant.*

I. There are three indispensible propositions to be *affirmatively established,* before a recovery can be had in an action for malicious prosecution.

1. Want of probable cause for the prosecution complained of; 2, malice, and 3, an end of the prosecution. An absence of either one of these elements is fatal. (*Palmer* agt. *Avery,* 41 *Barb. R.,* 290; *Hall* agt. *Suydam,* 6 *Id.,* 83; *Bulkley* agt. *Kettletas,* 2 *Seld.,* 384, *and* 2 *Duer,* 261; *Masten* agt. *Deyo,* 2 *Wend.,* 424.)

Was there probable cause for the warrant of arrest against John P. Ames, in the first district court of New York? We contend that the words "*probable cause,*" do not fully characterize the claim and rights of Rathbun and Stearns in that action. We insist that they had a *positive right of action for a demand fraudulently contracted,* in which they were entitled as a matter of right to a warrant of arrest under the third subdivision of section 16 of the New York justices court act of April 18, 1857. This debt and its fraudulent inception was sworn to by the defendant, Stearns, in his affidavit, used before the justice, and was substantially proven on the trial in the circuit, by the witnesses, Henry E. Brown and Frederick A. Mason—besides this, the certificate signed " C. Vielie," on which Ames drew the $41.40, was a fraud on its face, in the getting up of which and drawing money thereon, Ames was a participator, for he knew at the time that "C. Velie *was the captain,* and the paper itself indicating that the signer *was not the captain.* The fraud is established by testimony, both oral and documentary, and the only contradicting testimony was the oath of Ames himself, when he swears to the most improbable statement, that is, that he told Brown when he handed him that paper, " here is what the captain says about the discharging."

In *Palmer* agt. *Avery* (41 *Barb.,* 290), the court hold that the plaintiff in an action like this, is not competent to

Ames agt. Stearns.

prove by *his own oath* against that of the defendant, that a former judgment was got against him by the defendant's perjury, when the question depends on their credibility as witnesses. If not so competent, then the plaintiff's case is without a particle of testimony, for the plaintiff is the only witness on his side to any material fact.

The facts admitted in the stipulation read in evidence by plaintiff's counsel, show probable (and ample) cause for the arrest. It is there admitted that the defendants " claiming to have a good cause of action, &c.," took the proceedings set forth in the answer, which led to the arrest of plaintiff. The plaintiff has no right to insist that such *claim* was in bad faith. It is tantamount to saying that they *honestly claimed*, which would of course defeat the action.

The plaintiff was discharged from the arrest before the justice, on the ground that in receiving the $41.40, he was the agent of Captain Vielie. The question of agency was one of the issues.

The law is well settled, that where a party is sued for a fraud committed by him, he cannot escape liability by showing that he acted as agent. (*Hecker* agt. *De Groot*, 15 *How. Prac. Rep.*, 314.)

It is not necessary that he should be benefited by the fraud to make himself liable, or collude with a party who was. (*Hubbard* agt. *Briggs*, 31 *N. Y. R.*, 518, 520 ; *Palsley* agt. *Furmun*, 3 *Term, R.* 51 ; *Hammond* agt. *Hudson River Iron Machine Co.*, 20 *Barb.*, 378.)

A party making a representation false in fact, renders himself liable *to an action for fraud, although he did not actually know the representation to be false at the time*—and a party making a material representation *without knowing whether it is true or false*, and it turns out to be false, an action lies against him for the fraud. (*Craig* agt. *Ward*, 36 ; *Barbour*, 377; *Bennett* agt. *Judson*, 21 *N. Y. R.*, 238; *Sharp* agt. *Mayor of N. Y.*; 25 *How. Pr. R.*, 389.)

II. A very essential ingredient to an action for malicious prosecution is *malice.*     It must be *malice in fact,* as distinguished from malice in law. (*Bulkley* agt. *Smith,*2 *Duer.,* 261; 41 *Barb.,* 290). It must be shown affirmatively, and the onus of proving it lies upon the plaintiff. (*id.*)

In this respect the plaintiff's case is as bare as upon the point of *probable cause.* Not only was there no malice shown, but the reverse appears from the evidence introduced by the plaintiff. The advice of counsel in favor of said arrest, as one of the facts set up in defendants' answer as a part of the proceedings adopted, preparatory to the issuing of the warrant of arrest, is admitted by the stipulation (*see case, fols.* 62 *to* 66), and sworn to by the witness G. W. Rathbun, (*fols.* 93 *to* 99). Such advice of counsel fairly given and acted upon, *is an absolute bar to the action,* as rebutting all inference of malice. (*Hall* agt. *Suydam,* 6 *Barb. R.,* 83; *Stone* agt. *Swift,* 4 *Pick.,* 380; *Ravenga* agt. *McIntosh,* 2 *Barn. and Cress.,* 693).

III. A dismissal of the complaint in the New York district court, is not such a termination of the prosecution as will enable the plaintiff to maintain this action. (*Bacon* agt. *Townsend,* 6 *Barb.,* 426.)

The complaint does not even allege a termination. (The amendment allowed on the trial barely alleges that the complaint was dismissed.) It was intended first as a complaint for false imprisonment, but on the principle laid down in *Van Latham* agt. *Libby,* (38 *Barb.,* 339). The decision of the justice granting the warrant, *protects the party as well as the officer.* He now attempts to turn this into an action of malicious prosecution. It was necessary to amend the complaint before he could do that, and in *Waldhiem* agt. *Sickel,* (1 *Hilton,* 45); the New York common pleas hold that he cannot do it. The court therefore erred in allowing the amendment.

IV. This court erred in submitting the question of probable cause to the jury. (*See judges charge.*) *Bulkley* agt.

*Kettletas*, 2 *Selden*, 384; *Same Case*, 2. *Duer*, 261; *Pangburn* agt. *Bull*, 1 *Wend*, 345, 352 ; *Hall* agt. *Suydam*, 6 *Barb.*, 83 ; *Masten* agt *Deyo*, 2 *Wend.*, 424, 428 ; 7 *Cow* , 715.)

In an action for malicious prosecution, the question of probable cause for the prosecution, however numerous or complicated the facts on which it depends is one of law and not of fact, and in regard to which the judge who tries the cause is bound to express a positive opinion. (2 *Duer*, 261.)

If the judge leaves it to the jury to determine, not only whether the facts alleged are true, but whether if true they prove a want of probable cause—*he commits a fatal error*— (*id.*)

Where the existence of facts constituting probable cause is admitted or established, the presumption of law is that the defendant entertained and acted upon the belief, which the facts thus known to him justified him in holding. Hence unless this presumption is repelled by proof on the part of the plaintiff, the question of the actual belief of the defendant ought not to be submitted to the jury. (*id.*)

" When it appears in an action for malicious prosecution, that the plaintiff by his own folly or fraud, exposed himself to a well grounded suspicion of guilt, this alone is sufficient evidence of probable cause." (*Per* WASHINGTON, J. *in Wilmarth* agt. *Mountford*, 4 *Wash. C. C. R.*, 82 ; *cited and approved in* 2 *Duer.*, 261. *See also Baldwin* agt. *Weed*, 17 *Wend.*, 224.)

Advice of counsel in favor of the prosecution fairly given and acted on, *is an absolute bar to this action.* It repels the presumption of *malice*, an indispensible ingredient to the action. (*Hall* agt. *Suydam*, 6 *Barb. R.*, 83 ; *Stone* agt. *Swift*, 4 *Pick.* 380 ; *Ravenga* agt. *McIntosh*, 2 *Barn. and Cress.* 693.)

VI. Under the law as laid down in *Bulkley* agt. *Kettletas*, above cited (*in Selden and in Duer*,) the judge ought to have non-suited the plaintiff, or directed a verdict for the defendant.

We do not complain, that the charge contained any wrong principle of law in reference to actions for malicious prosecution. The error complained of, is that the *judge submitted the question of probable cause to the jury. (See judges charge.).* We contend that his honor should have reserved to himself the decision of that question, leaving to the jury to decide upon any disputed question of fact, bearing upon that point (2 *Selden,* 384). If the judge should determine upon the undisputed facts or upon the facts found by the jury, that their was probable cause, he should have directed a verdict for the defendants.

A new trial will be granted on a *case made* on the ground of a mis-direction of the judge, though no exception was taken to the charge. (*Archer* agt. *Hubbell,* 4 *Wend.,* 514 and 517 *note; Wardwell* agt. *Hughes,* 3 *id.,* 418; *People* agt. *Holmes,* 5 *id.,* 191, 199; *Sayer* agt. *Townsend,* 15 *id.,* 647.)

VII. In this case, there being probable (yes positive,) cause for the warrant of arrest, and an entire absence of malice, the verdict is against law, and a new trial should be granted with costs to abide the event. (*Baldwin* agt. *Weed,* 17 *Wend.,* 224; *Masten* agt. *Deyo,* 2 *id.,* 424; 2 *Duer,* 261; 4 *Wend.,* 514, 517.)

VIII. Where a new trial is granted for misdirection of the judge or as against law, costs, abide the event, (7 *Cow.,* 456), so when the verdict is set aside, as contrary to law. (*Hullock,* 387; *Cowper,* 808; 1 *W. Blackstone,* 570; 3 *Term R.,* 551, 553.)

If the verdict is set aside as against the evidence, and also as being contrary to the charge of the judge, the costs will abide the event. (9. *Wend.,* 60.)

OSCAR FRISBIE, *attorney and counsel for plaintiff.*

I. The proceedings instituted in the justice court, whereby plaintiff was arrested, were without probable cause.

The defendants knew that the plaintiff came to them in the capacity of an agent for the Protection Transportation Company; that he collected the money as such agent; that he made no allegations as of his own knowledge that the discharging money had been paid, but, on the contrary, produced a paper signed by the captain of the vessel, and when he presented it, said: "There is what the captain says about this discharging—he says he paid it, and signed that writing to that effect." One of the defendants was present and heard the conversation between their clerk and plaintiff in respect to the transaction. The defendant, Stearns, made the affidavit upon his own knowledge.

II. The facts as to whether there was probable cause for the arrest, were fairly submitted to the jury, as they should have been, and they found in plaintiff's favor. The court will not disturb such finding.

The facts adduced as a proof of a want of probable cause are controverted, and if conflicting testimony is to be weighed, or if the credibility of witnesses is to be passed upon, the question of probable cause should go to the jury. (*Besson* agt. *Southard,* 10 *N. Y.,* 236.)

The facts were conflicting, and the credibility of witnesses was to be passed upon.

III. A person's belief in a charge made by him, when arising from his own negligence in examining the evidence within his reach, does not constitute probable cause for such charge. (*Grinnell* agt. *Stewart,* 32 *Barb.,* 544; 12 *Abb. Pr.,* 220; 20 *How. Pr.,* 478.)

Slighter evidence will prove the want of probable cause than is necessary to establish an affirmation. (*Haupt* agt. *Pohlmann,* 16 *Abb. Pr.,* 301.)

IV. The defendants acted maliciously in arresting the plaintiff. They made statements to the judge for the purpose of having the plaintiff arrested, with the knowledge that they were untrue. They falsely represented the facts.

The question of malice is one for the jury.

V. Although malice is not necessarily inferable from the want of probable cause, yet the circumstances showing the want of cause may also justify the inference of malice. (*Vanderbilt* agt. *Mathis*, 5 *Duer.*, 304 ; *Burhans* agt. *Sanford*, 19 *Wend.*, 417 ; *McKown* agt. *Hunter*, 30 *N.Y.*, 625.)

VI. The previous suit was terminated before the present one was commenced.

VII. The advice of counsel only goes in mitigation of damages, under any circumstances : and when the facts are incorrectly or wilfully misrepresented, it amounts to nothing. (6 *Barb.*, 83.)

There is no evidence showing that the defendants believed the statements made before the justice or to their counsel : they must believe in their cause. (*McKown* agt. *Hunter*, 30 *N. Y.*, 625.)

VIII. There was no exceptions taken to the charge of the court ; the exceptions now come too late to avail the defendants anything.

IX. The court was correct in allowing the amendment. It was in the discretion of the court, and cannot be reviewed here. (*Sec.* 173 *of the Code, and case cited under it.*)

X. The judgment should be affirmed.

*By the court*, GILBERT, J. The only exception taken by the defendants, was to the admission of evidence of the dismissal of the complaint in the action in which the plaintiff was arrested, The objection to this evidence was, that the complaint contained no averment of the fact sought to be proved. But it was at once obviated by an amendment allowed by the court, to which no exception was taken. The evidence, therefore, was properly received, even if the amendment was improperly allowed. But we are of opinion that the amendment was properly allowed. The complaint contained all the averments, requisite to maintain an action on the case for a malicious prosecution, except the averment, that the prosecution was ended. The only effect of

Ames agt. Stearns.

the amendment, was to supply this omission, and this is clearly within § 173 of the Code.

It has been urged on this appeal, that the evidence fails to make out a want of probable cause or malice, and therefore, that the plaintiff should have been nonsuited. Although no motion for a non-suit was made, and the case was submitted to the jury under a charge to which no exception was taken, we might review the facts as well as the law, and set aside the verdict in the exercise of the power conferred upon the court by § 329 and § 349 of the Code, because the appeal is both from the judgment and the order denying a new trial. (*Macy* agt. *Wheeler*, 30 *N. Y. R.*, 235 ; *Parker* agt. *Jarvis*, 34 *How. P. R.*, 256 ; *Keese* agt. *Devlin*, 3 *E. D. Smith*, 523; *Pumpelly* agt. *Oswego*, 13 *Abb.*, 387; *Same* agt. *Bailey*, *Abb. N. S.*, 407.)

But upon a review of the case we are unable to say, that the evidence is insufficient to warrant the verdict, or that the jury were misled by any misdirection. The jury must have believed the testimony of the plaintiff. Upon this it can hardly be contended, that there was not a want of probable cause, for the unqualified statement, contained in the affidavit, on which the warrant of arrest was issued. The question of malice was properly submitted to the jury. The remarks of the judge, respecting the effect which ought to be given to the advice of counsel were accurate, and were quite as favorable to the defendants as the evidence warranted. Advice of counsel given upon a full and fair statement of the case, and acted upon in good faith, is no doubt a good defense to an action for malicious prosecution. The testimony of Mr Rathbun, the counsel, was, that the statement on which his advice was sought and given, corresponded in all respects with the facts contained in the affidavit aforesaid. The affidavit states, that the plaintiff *falsely* and *fraudulently* represented to the defendants, that &c. The jury have found that there was no probable cause for

Ames agt. Stearns.

the accusation of fraud.    There is, therefore, no ground for saying, that the statement to counsel was fairly made, or that it was in good faith acted upon.

The judgment and order denying the motion for a new trial, must, therefore, be affirmed with costs.