[No. 9755.   In Bank.—June 23, 1885.]

## PLATT A. RAYNOR, RESPONDENT, v. W. H. MINTZER ET AL., APPELLANTS.

FRAUD — TITLE OBTAINED BY — EQUITABLE RELIEF.— Certain transactions by which the title to real property had been acquired were set aside by the court below, and a reconveyance directed. On a review of the evidence, *held*, that the relief granted was proper.

ID. — PARTIES TO ACTION.—In such a case, the participants in the fraud, and all persons claiming an interest in the property through or by means of the transactions in question, may be joined as parties defendant.

ID. — PLEADING—DEMURRER FOR MISJOINDER OF CAUSES OF ACTION.—The complaint stated a variety of circumstances differing in their nature, but connected with and tending to establish the alleged fraud. *Held*, that the complaint was not demurrable for a misjoinder of causes of action.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*A. B. Hotchkiss*, for Appellants.

*Paris & Goodsell*, and *Bennett & Wigginton*, for Respondent.

McKEE, J.—This is a suit in equity to set aside a money judgment, declare void an execution sale made under it, and annul and cancel the certificate of sale and sheriff's deed made to the defendants; or to have the defendants, the grantees named in the deed, adjudged trustees for the plaintiff, in respect of all property belonging to him and transferred to them by the sheriff's deed, and to compel them to reconvey the same to the plaintiff upon such terms as may be just, etc.

Plaintiff claims to be entitled to the relief demanded upon the ground that the action in which the judgment was recovered

was commenced against him, and prosecuted to judgment and execution sale by the plaintiff in the action, not of his own motion, nor in his own behalf, but at the instigation of the defendants and for their benefit, upon an arrangement or conspiracy between them to use, under cover of the plaintiff's name, the proceedings and legal process in the case for the purpose of fraudulently acquiring to themselves Raynor's interest in the lands and premises described in the complaint. The object of the suit is therefore to obtain restitution from the defendants, of real property of the plaintiff claimed to have been acquired, and to be held by them by fraud.

The frauds by which it is claimed the defendants acquired the property arose out of the following transactions: Raynor was insolvent and wholly unable to pay anything to his creditors; but he claimed to be a tenant in common with the defendants, Mintzer, Fox, Peacock, Hunt, Cameron, and Davis, to the extent of an undivided four-sevenths interest in the real property described in the complaint; and that his co-tenants had fraudulently acquired from him his interest, and after acquiring the same, had organized themselves into a corporation by the name of the Colton Land and Water Company, of which they became the only members or stockholders, and to which they transferred the entire common property, which constituted the only capital stock of the corporation, and the same was apportioned among them according to their respective interests in the property. Having thus acquired title to the property, the corporation commenced an action to quiet title against Raynor and to enjoin him from asserting any claim to the property. He appeared in the action and filed an answer containing a cross-complaint, in which he asked as affirmative relief that he be adjudged the owner of an undivided four-sevenths interest in the property conveyed by his co-tenants to the corporation; and that they and the corporation be adjudged to hold the same in trust for him and be compelled to reconvey it to him. On the final hearing of the case the court decided in his favor, adjudged that he was the owner of an undivided four sevenths of the property conveyed to the corporation, and entitled to a reconveyance of the same from the corporation and the other defendants; and it commanded them to execute and deliver to him a

conveyance of the same. With that adjudication the defendants were dissatisfied and appealed to this court. On the hearing of the appeal, this court, at the January term, 1881, modified and affirmed the judgment of the Superior Court (see *Colton Land and Water Co.* v. *Raynor*, 57 Cal. 588), and Raynor's ownership and interest in the property was, by that adjudication, fully and legally established.

But pending that appeal the appellants in the action set to work to evade the judgment appealed from, if the appeal should be decided against them. For that purpose they stirred up the creditors of Raynor to sue him upon their claims, and have whatever interest in the property might be finally adjudged to him, levied on and sold. This they did by intimations that the corporation would buy from them whatever interests they might thus acquire. C. P. Clyde was one of Raynor's principal creditors, and an arrangement was made with him whereby he agreed to commence an action upon his claim of $1,800, against Raynor, and prosecute it to judgment, execution levy and sale for the benefit of the appellants, who were to pay him the amount of his claim, after he had obtained a sale of the property under the judgment and transferred to them the certificate of sale. Clyde carried out this arrangement by commencing an action against Raynor in which he obtained judgment by default, upon which an execution was issued, which was levied upon Raynor's interest in the property. At the execution sale Clyde bought the property in his own name; but the sheriff refused him a certificate of sale because the appellants failed in their promise to pay the fees; and in order to obtain the certificate Clyde agreed with them to take $1,000, for the interest in the property acquired by the sale, and pay the sheriff's fees. That was done, the fees were paid, the sheriff issued to him a certificate of sale which he immediately assigned to the appellants. The entire transaction was commenced and consummated pending the appeal.

This transaction the court found was, in itself, an open attempt to evade the judgment appealed from, and to acquire in an indirect manner the property which had been adjudged to Raynor, and also a continuation of the scheme, stamped, in the action in which the appeal was pending, as "a fraud on the rights of

Raynor attempted to be carried out by means of the cloaked machinery of a corporation." It therefore ordered all the defendants in the action, except Clyde and the corporation, as trustees of Raynor's title in the property acquired by the sheriff's deed on the Clyde judgment and execution, to reconvey the same to Raynor upon payment of the $1,000, and interest thereon, which they had given Clyde for the assignment to them of the certificate of sale.

This relief, it is insisted, "is contrary to law and equity," and is based upon findings which do not cover the issues raised by the pleadings in the case, and are not sustained by the evidence.

We cannot agree with this contention; the evidence sustains the findings, the findings cover the issues, and the decision and judgment are in accordance with the plainest principles of equity. When title to real property has been acquired by fraud, the true owner is entitled to be relieved against the fraud, and to be re-invested with his ownership upon such terms as may be just.

The terms upon which the relief were granted were just. By its decree the court undid the wrong which had been done, and left all the parties to the transaction in possession of their legal rights as they were before the assignment of the certificate of purchase. Raynor was restored to his original position as a tenant in common with his cotenants in the property, upon paying to them the moneys which they had paid to Clyde for his interest in the property. Upon receiving that money they had no longer any right in his property which they could in conscience retain. For it is conceded that, originally, Raynor was a tenant in common with them in the property, and when they assumed the exclusive possession of it under the transactions with him and the instruments in writing executed by him, adjudicated in the case of the *Colton Land and Water Company* v. *Raynor*, they held the apparent legal title to his interest in the common property in trust for him. This title, whether held by him or by them in trust for him, vested him with the right to his share in the property, and in the proceeds derived from it under the arrangement between the tenants in common as to the management and disposition of the property as adjudged in that case. The fact that the cotenants in exclusive possession cloaked themselves in the garb of a corporation,

and conveyed the property to themselves in the corporate name, did not divest Raynor of his rights. His cotenants were still, in the shape which they saw fit to assume, the trustees of his legal title; and that fiduciary relation continued to exist, binding them, in all their transactions with the property, to the observance and practice of good faith to their cotenant and *cestui que trust.* From the obligations of that relation they could not relieve themselves by any transfer of the property to themselves in the name of a corporation into which they changed themselves, nor by a transfer to any other person, who knew of the existing relation, nor by indirect and crooked attempts to acquire the trust property for themselves.

Nor did the judgment of the court in the case of the *Colton Land and Water Company* v. *Raynor* relieve them from their trust as to the plaintiff's title. That judgment established the trust, and decreed its performance; but before performance, and while proceedings were pending to revise the decree itself, they attempted to avoid performance by the acquisition of the trust property to themselves by means of the judgment and execution sale. Against such proceedings the plaintiff was entitled upon every principle of equity to be relieved.

There was no substantial error in overruling the demurrer to the complaint on the ground that the complaint did not contain facts sufficient to entitle the plaintiff to any relief, or that several causes of action were improperly united, or that Clyde and the Colton Water Company were improperly joined as defendants.

The complaint contains a voluminously specific statement of facts constituting the alleged frauds by which the defendants acquired to themselves title to the plaintiff's property. These acts of fraud, it is charged, were parts of one entire scheme to divest the plaintiff of his rights, and although numerous, they constitute but one cause of action, upon which plaintiff would be entitled to either alternative or discretionary relief. In this view Clyde and the Colton Land and Water Company were proper parties. Clyde was a proper party because he was one of the principal actors in so much of the alleged frauds, which were the basis of the plaintiff's action, by which the other defendants, through him, acquired the trust property. In the

investigation of the alleged frauds and the relief which might be decreed to the plaintiff, the judgment which Clyde recovered against Raynor, and through which the other defendants claimed Raynor's title, was directly challenged, and he had a right to be heard in any action or adjudication which might affect the validity of the judgment and the proceedings under it.

The Colton Land and Water Company was also a proper party, because the complaint alleged : " That the defendant, the Colton Land and Water Company, claims to have acquired some interest in said real property, under and by virtue of said deeds from said Clyde and said sheriff, adverse to the plaintiff, which claim is invalid and without foundation." It is a general rule that all parties interested in a controversy, or who may be affected by a decree rendered therein, should be made parties; all who are nominally or really interested may therefore be joined although the interests of all may not be affected alike by the relief which may be granted, and the court may in the final disposition of the case, dismiss as to some of them on the ground that they neither have nor claim any interest in the controversy. Upon the face of the complaint, both Clyde and the corporation were proper if not necessary parties to a complete determination and settlement of the questions involved in the controversy.

We see no prejudicial error in the record.

Judgment and order affirmed.

THORNTON, J., SHARPSTEIN, J., McKINSTRY, J., and ROSS, J., concurred.

Rehearing denied.