[No. 11779.    Department One. — June 27, 1887.]

P. A. RAYNOR, APPELLANT, *v.* W. H. MINTZER ET AL., RESPONDENTS.

TORT — STATUTE OF LIMITATIONS — DAMAGES. — A cause of action founded on a tort arises when the wrongful act, causing damage, is done, and the statute of limitations then begins to run against it, although the damages occasioned by the act may not all have been sustained at that time.

ID. — FRAUDULENT ATTEMPT TO ACQUIRE LAND. — The action was brought to recover damages alleged to have been sustained by the plaintiff on account of the wrongful and fraudulent acts of the defendants in attempting to deprive him of certain land belonging to him. On a review of the facts alleged in the complaint, *held,* that the action was barred by the statute of limitations.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion.

*Paris & Goodcell, Harris & Allen,* and *H. M. Willis,* for Appellant.

*A. B. Hotchkiss,* for Respondents.

BELCHER, C. C.—This is an appeal by the plaintiff from a judgment rendered against him on demurrer to his complaint.

The action was brought to recover damages which the plaintiff claimed to have suffered on account of the wrongful and fraudulent acts of the defendants in attempting to deprive him of certain valuable real property which he owned in the county of San Bernardino.

It is alleged that the defendants, in 1875, agreed and conspired together to cheat and defraud plaintiff out of his property, and that all their subsequent acts were in pursuance of that conspiracy; that they thereby caused him to suffer great loss and damage, and forced him to resort to expensive and vexatious litigation to protect his rights.

The complaint covers thirty-five pages, without the exhibits, of the printed transcript, and tells at great length the story of the wrongs suffered by plaintiff, and of the litigation consequent thereupon.

The facts may be briefly stated as follows: In 1875 the plaintiff was the owner of an undivided four-sevenths interest in certain real property, and the defendants were the owners of the other three sevenths. The defendants fraudulently acquired from the plaintiff his interest, and, after acquiring it, organized themselves into a corporation, by the name of the Colton Land and Water Company, of which they were the only members and stockholders. They then transferred the whole property to the corporation, and divided the stock among themselves according to their respective interests in the

property. Thereafter, on June 7, 1887, they caused the corporation to commence an action against the plaintiff to quiet its title to the property, and to enjoin him from asserting that he owned any interest therein. The plaintiff answered, and by way of cross-complaint set up that he owned four sevenths of the property, and prayed for affirmative relief. The case was tried, and on October 27, 1879, it was adjudged and determined that the plaintiff owned the interest claimed by him, and that the corporation and other parties to the suit reconvey the same to him. A motion for new trial was then made and denied, and an appeal from the judgment and order was taken to this court. This appeal was heard, and the judgment was slightly modified and affirmed in January 1881. (*Colton L. & W. Co.* v. *Raynor,* 57 Cal. 588.)

While that appeal was pending, the defendants, in pursuance of their fraudulent scheme to get the plaintiff's property, and in order to evade the judgment, if a decision should be in his favor, sought out various creditors of the plaintiff, and, among others, one Clyde, and incited and urged them to bring suits and obtain judgments on their claims, and to have the plaintiff's interest in the property levied on and sold. To induce the creditors to do this, and to proceed at once and buy in the property before the determination of the appeal, the defendants promised the creditors to take from them whatever title they might acquire, and to pay them therefor the full amount of their respective claims, with all costs incurred, themselves taking the chances as to the title being good. In pursuance of this arrangement, Clyde commenced an action upon his claim for nearly eighteen hundred dollars, and obtained a judgment by default. He then had an execution issued and levied on the plaintiff's interest in the property, and at the sale bought the property in his own name. He obtained a certificate of sale, and on December 7, 1880, transferred the same, and all his interest in the lands described

therein, to the defendants. Several distinct tracts of land were sold in one parcel, and the plaintiff being without means to redeem from the sale, the sheriff, on the 25th of May, 1881, executed to the defendants, as the assignees of Clyde, a deed purporting to convey all the plaintiff's interest in the lands so sold.

On the 8th of October, 1881, the plaintiff commenced a new action against the defendants, and Clyde, and the Colton Land and Water Company, to have the defendants adjudged his trustees as to all property transferred to them by the sheriff's deed of May 25, 1881, and to compel them to reconvey the same to him upon such terms as might be just. That action was tried, and on the 6th of November, 1883, judgment was duly rendered and entered therein in favor of the plaintiff, and it was thereby adjudged and determined that the defendants held the property as trustees for plaintiff; that the title acquired by them under the sheriff's deed was acquired by means of actual fraud and in violation of their duties as trustees; and that they reconvey to the plaintiff all property and interest conveyed to them by the sheriff's deed, upon payment by him to them of the sum of money paid to Clyde for the assignment of his certificate, with interest thereon. The defendants then moved for a new trial, and their motion being denied, appealed to this court, where the judgment and order were affirmed on the 23d of June, 1885. (*Raynor* v. *Mintzer*, 67 Cal. 159.)

To show the special damages sustained by plaintiff, it is then alleged that on the 12th of October, 1875, plaintiff was the owner of two tracts of land in San Bernardino County, which were mortgaged to secure the payment of debts owing by him; that the mortgages were thereafter foreclosed and the tracts sold under the decrees of foreclosure; that by reason of the aforesaid fraudulent acts of the defendants the plaintiff was unable to pay the debts, or redeem from the sales; that one tract

was sold for twenty thousand dollars less than its actual value, and he was thereby damaged in that sum, and the other tract was sold for five thousand dollars less than its actual value, and he was thereby damaged in that sum; that on the same 12th of October, plaintiff was the owner of two other tracts of land in San Bernardino County, which were thereafter levied upon and sold under executions by his creditors; that the sales were instigated by the defendants in order that he might be hindered and embarrassed in resisting their fraudulent claims, and that by reason of their fraudulent acts he was unable to pay the debts or redeem the property; that each tract was sold for ten thousand dollars less than its actual value, and he was thereby damaged in the sum of twenty thousand dollars; that in resisting the action brought against him by the Colton Land and Water Company, and in prosecuting the action against the defendants and Clyde, he necessarily incurred and expended for attorneys' fees and other expenses, not included in the costs awarded him, the sum of five thousand dollars in the one case and ten thousand dollars in the other, and that he was thereby damaged in those sums; and "that by reason of the aforesaid fraudulent acts of the defendants, the plaintiff has suffered great hardship and privation, often being destitute of the necessaries of life for himself and family, and has for years been precluded from engaging in any business, and been shut out from society and friendly and social intercourse, and been greatly annoyed, embarrassed, and worried, and endured great mental suffering, and been injured in his health, and otherwise greatly injured to his damage in the further sum of fifty thousand dollars." The prayer, then, is for judgment in the sum of one hundred and ten thousand dollars and costs.

This action was commenced on the twenty-third day of November, 1885, and the demurrer was upon the grounds, among others, that the complaint did not state

facts sufficient to constitute a cause of action, and that the action was barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure.

It does not appear upon what ground the demurrer was sustained, but if it might properly have been sustained on any one of the grounds presented, the judgment cannot now be reversed.

It is clear that the action was one to recover damages for tort, and was based upon a liability, not founded upon an instrument of writing. The limitation was therefore two years. (*Piller* v. *S. P. R. R. Co.*, 52 Cal. 42; *Wood* v. *Currey*, 57 Cal. 208.)

The question then is, When did the statute begin to run?

It is urged for the appellant that all the acts of the defendants, including the appeals to this court, were parts of one continuous scheme, having in view the one ultimate, fraudulent purpose of depriving him wrongfully of his property, and that his cause of action did not fully accrue until the decision of this court, made upon the last appeal, on June 23, 1885.

We do not think this position can be maintained. All of the wrongful acts of defendants were committed prior to and pending the appeal in the Colton Land and Water Company's case. The plaintiff's action against the defendants and Clyde was also commenced and tried more than two years before the commencement of this action, and by the judgment entered therein he was fully restored to all the rights in the disputed property. It is true, the defendants moved for a new trial and appealed from that judgment, but it is not alleged that they did this maliciously or without probable cause, nor did this court hold the appeal frivolous, and award damages therefor. It would seem, too, that all the proximate and recoverable damages which plaintiff has sustained had accrued when that action was commenced, or at least, when it was tried. But however this may be, the gen-

eral rule is, that a cause of action for tort arises when the wrongful act, causing damage, is done, and the statute of limitations then begins to run against it. The damages occasioned by the act may not all have been sustained at that time, but that fact does not postpone the running of the statute. (See cases above cited; and *Taylor* v. *Bidwell*, 65 Cal. 489; *Northrop* v. *Hill*, 57 N. Y. 351; Angell on Limitations, sec. 298.)

It follows, in our opinion, that the plaintiff's cause of action was complete as early, at least, as November 6, 1883, and was barred by the statute. The demurrer was therefore properly sustained, and the judgment should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.