[No. 14911.   Department Two.—February 17, 1893.]

MARGARET T. STERLING, RESPONDENT, v. JAMES SMITH, APPELLANT.

PLEADING — AVOIDANCE OF NEW MATTER IN ANSWER — EVIDENCE — FRAUD NOT PLEADED. — Under section 462 of the Code of Civil Procedure, which provides that "the statement of new matter in the answer, in avoidance or constituting a defense or counterclaim, must on the trial be deemed controverted by the opposite party," a plaintiff is entitled to introduce on the trial any evidence which countervails or overcomes such new matter, and may introduce evidence of fraud, though no fraud is pleaded in the complaint.

PRINCIPAL AND AGENT — INVESTMENT OF PRINCIPAL'S MONEY — UNDISCLOSED INTEREST OF AGENT — CONSTRUCTIVE FRAUD — RIGHTS OF PRINCIPAL. — Where an agent invests money belonging to his principal for the purchase of an interest in a syndicate, of which the agent is a member, and in which he holds an interest, and which is indebted in a large amount, and, to induce the investment, leads the principal to believe that he is not a member of the syndicate, or interested therein, and represents that the principal will not have any calls to pay upon becoming a member thereof, the law imputes fraud on the part of the agent, and the principal may avoid the transaction and recover from the agent the amount so invested.

ID. — FRAUDULENT INTENT OF AGENT IMMATERIAL. — In an action by the principal, in such a case, to recover the amount so expended by the agent, it is not necessary for the principal to prove or for the court to find expressly that the acts done by the agent were done with a fraudulent and wrongful intent.

ID. — TRUSTEE — UNION OF PERSONAL AND REPRESENTATIVE CHARACTERS.
— Equity regards and treats the relation of principal and agent in the
same general manner and with nearly the same strictness as that of
trustee and beneficiary. The underlying thought is, that an agent
should not unite his personal and representative characters in the same
transaction; and equity will not permit him to be exposed to the temp-
tation or brought into a situation where his own personal interests con-
flict with those of his principal.

ID. — OPTION OF PRINCIPAL — RIGHT TO AVOID SALE TO AGENT. — In deal-
ings by an agent without the intervention of his principal, if the agent,
for the purpose of selling property of the principal, purchases it himself,
or for the purpose of buying property for the principal, buys it from
himself, either directly or indirectly, the sale or purchase is voidable; it
will always be set aside at the option of the principal; the amount of
consideration, the absence of undue advantage, and other similar fea-
tures being wholly immaterial. Nothing will defeat the principal's right
of remedy, except his own confirmation after full knowledge of all the
facts.

ID. — RATIFICATION — FINDINGS. — Where there is no evidence tending to
prove any ratification of the sale by the principal after full knowledge
of the facts, the judgment avoiding the sale will not be reversed for
want of a finding upon the question of ratification.

APPEAL from a judgment of the Superior Court of
Los Angeles County.

The facts are stated in the opinion of the court.

*Gould & Stanford*, for Appellant.

*A. R. Metcalfe, Metcalfe & McLachlan, Anderson & Ander-
son*, and *Anderson, Metcalfe & Anderson*, for Respondent.

McFARLAND, J. — In her complaint, the plaintiff
averred that, during a certain period, defendant was her
confidential agent in purchasing and selling real estate
and 'in transacting other business for her; that as such
agent and for such business he received from her, dur-
ing said period, the sum of $11,920, or thereabouts; that
during said period he paid out and expended for her
the sum of $6,225, or thereabouts, leaving a balance of
$5,695, with interest, due her from him; and for this
last sum she prays judgment. The defendant answered,
admitting the agency as alleged in the complaint, but
denied that he had received of plaintiff's money more
than $9,920.70. The court found that defendant had

received of plaintiff's money only the said amount of $9,920.70. But the defendant averred that, in addition to the said sum of $6,225 paid out by him for plaintiff, as averred in the complaint, he also paid out for her the further sum of $3,600. He averred that this latter sum of $3,600 had been paid out by him for her in purchasing certain interests in what is called generally the Kansas Street Syndicate, which afterwards became a corporation, and was engaged in the purchase and sales of land, principally at Pasadena, California. The facts as to this syndicate, and the expenditure of money of plaintiff by defendant in connection with the same, are stated in great detail in the answer. The court found against the defendant as to the said $3,600 alleged to have been expended with said syndicate, and refused to allow defendant for the same, and entered judgment for plaintiff upon the basis of allowing defendant, as against said sum of $9,920.70, only the sum of $6,503.75. Defendant appeals from the judgment, and the only point made by him for a reversal of the judgment is the refusal of the court to allow him for said amount paid out in said syndicate. The court found that, prior to the time when defendant made the purchase of interests from said syndicate for plaintiff, "he had already become a member of said syndicate, and was one of the joint owners of the property of said syndicate, and of the interests so purchased by him for her; that he did not inform her, and she did not know at the time she made said purchase, that he was a member of said syndicate, and a part owner of the interests he was about to purchase for her, but led her to believe he was not a member of said syndicate"; and that at the time defendant made said purchase for plaintiff, the syndicate was indebted in a large amount, exceeding fifty-five thousand five hundred dollars, which defendant had been instrumental in incurring; and that he did not notify her of said debt, but represented to her that she would not have any calls to pay if she became a member of the syndicate.

The main contention of appellant is, that the findings above referred to are entirely outside of any issues made by the pleadings, for the reason that the complaint does not contain any allegation of facts constituting fraud of any character, or any allegation that appellant was a member of the syndicate, or that she did not know of his having an interest therein, etc., which allegations appellant contends were absolutely essential, in order to admit evidence upon the subject. This position, however, is not tenable. Our system of pleading does not include a replication, and, under section 462 of the Code of Civil Procedure, " the statement of any new matter in the answer, in avoidance or constituting a defense or counterclaim, must on the trial be deemed controverted by the opposite party." The averments in the answer as to the investments in the syndicate constituted new matter; and if a replication were allowable, the plaintiff, by such a pleading, could have set up the facts found by the court as aforesaid. But under our system of pleading, she is deemed to have set up such facts. No doubt, when a cause of action rests upon fraud, the facts constituting the fraud must be set up in the complaint; but such was not the case here, for the necessity of proving fraud appeared only after the answer of the defendant. And a plaintiff is in that position with respect to all new matters set up in the answer. ( *Williams* v. *Dennison,* 94 Cal. 540; *Grangers' Business Ass'n* v. *Clark,* 84 Cal. 204; *Colton Land etc. Co.* v. *Raynor,* 57 Cal. 588; *Curtiss* v. *Sprague,* 49 Cal. 301; *Canfield* v. *Tobias,* 21 Cal. 349.) In *Colton Land etc. Co.* v. *Raynor,* 57 Cal. 588, the court, in speaking of said section 462, say: " This has always been regarded as allowing a plaintiff, in reply to such new matter, to introduce on the trial any evidence which countervails or overcomes it, as if it were inserted in a replication, and pleaded with all the precision and fullness which the strictest rules of law ever required."

With respect to respondent's criticism of the findings, it is sufficient to say that, in our opinion, they are full

and specific enough, and that no further findings were necessary.

As to the merits of the case, it was not necessary for the respondent to prove or for the court to find expressly that the acts done by appellant were done with a fraudulent and wrongful intent; because the acts themselves were of such a character, considering the relationship of the parties, that the law imputes fraud. In Pomeroy's Equity Jurisprudence, sec. 959, the rule, as between principal and agent, is stated as follows: "Equity regards and treats this relation in the same general manner, and with nearly the same strictness, as that of trustee and beneficiary. The underlying thought is, that an agent should not unite his personal and his representative characters in the same transaction; and equity will not permit him to be exposed to the temptation, or brought into a situation where his own personal interests conflict with the interests of his principal. In dealings without the intervention of his principal, if an agent for the purpose of selling property of the principal, purchases it himself, or an agent for the purpose of buying property for the principal buys it from himself, either directly or through the instrumentality of a third person, the sale or purchase is voidable; it will always be set aside at the option of the principal; the amount of consideration, the absence of undue advantage, and other similar features are wholly immaterial; nothing will defeat the principal's right of remedy, except his own confirmation after full knowledge of all the facts." (See also *Burke* v. *Bours*, 92 Cal. 108.)

The objection that the findings are insufficient to support the judgment, because they do not contain an express statement that the respondent did not ratify the investment in the syndicate, cannot be maintained. The findings clearly go upon the theory that there was no such ratification; and, moreover, there was no evidence tending to show any ratification after respondent had learned all the facts about the transaction. Appellant was not entitled, upon the evidence, to a finding

that there had been such ratification. Neither do we think that the stipulation of counsel referred to in finding 14 can be held as estopping the respondent from attacking the validity of the investment in the syndicate; and the trial was not conducted upon any such theory. There are no other points which we deem it necessary to notice in detail.

Judgment affirmed.

DE HAVEN, J., and PATERSON, J., concurred.

Hearing in Bank denied.