## CARROLL v. KENNISON, ADMR.

*Limitation of actions — Life tenant appointed administrator — Sells realty to himself — Action by minor for damages accrues, when — Section 11224, General Code — Right of action survives, when — Section 11235, General Code.*

Z, being entitled as surviving husband to an estate for life by way of curtesy in real estate left by his wife who died in 1866, and his minor children being entitled to the fee, was appointed administrator, and fraudulently sold the real estate to himself under proceedings in the probate court, the deed being made to a third party and then by that party to himself, but without consideration. *Held:*

1. A cause of action for damages arose in favor of the minor children immediately on the consummation of the fraudulent transaction, notwithstanding the fact that Z was entitled to an estate for life in the land.

2. By virtue of the provisions of Section 11235, General Code, this cause of action survived the death of Z.

3. Section 11224, General Code, which provides that if the action is one for fraud it shall not accrue until the fraud is discovered, means that the action shall not accrue for purposes of limitation of time within which an action must be brought.

(Decided March 7, 1921.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Ritter & Gardner,* for plaintiff in error.

*Messrs. Marshall & Fraser,* for defendant in error.

RICHARDS, J. Mary Carroll commenced an action in the court of common pleas on August 4, 1919, against the defendant Frank P. Kennison, as administrator of George Zenk, deceased. Her petition was met with a general demurrer, which was sustained, and final judgment was rendered against her dismissing the action.

The averments of the petition are, in substance, that George Zenk died on April 7, 1889, and that the defendant, Frank P. Kennison, was duly appointed his administrator on December 17, 1918. The plaintiff avers that Catherine Zenk died in January, 1866, seized of one hundred and twenty acres of real estate in Lucas county, leaving George Zenk, as her widower, and three children, one of whom is the plaintiff, Mary Carroll. She avers that in June, 1866, George Zenk was appointed administrator of the estate of Catherine Zenk and filed a petition in the probate court for the purpose of obtaining authority to sell the real estate of the decedent to pay the indebtedness of the estate, and that pursuant to an order of the probate court the real estate aforesaid was ordered sold, and was appraised at $1,800. She alleges that George Zenk, as administrator, fraudulently and in violation of his trust, and for the purpose of cheating and defrauding her and the other heirs at law of Catherine Zenk, sold all the real estate to himself, individually, on January 16, 1867, for $1200, and that this was accomplished by conveying the real estate to one Anton Dietsch and then having Dietsch reconvey the premises to him; and she avers that no consideration passed between them and that the sale was a purchase by George Zenk personally of the real estate which he held as administrator. The petition avers that prior to the death of George Zenk he executed a will devising the use of eighty acres of the land to one Mary Zenk, during her lifetime; that Mary Zenk died in May, 1916, and that the plaintiff is entitled to the use of the premises and the possession thereof from the death of George Zenk on

April 7, 1889, to May, 1916; and that by reason of the sale of the real estate and said fraud of George Zenk plaintiff was deprived of the use of the land, all of which has damaged her in the sum of $9000.

The plaintiff further avers that she did not discover the facts constituting the fraud until within three months prior to September 23, 1916, and that she presented a claim to the defendant, based upon the foregoing facts, and that he rejected the same on April 19, 1919.

The common pleas court held that the petition did not contain facts sufficient to constitute a cause of action.

George Zenk was entitled, as surviving husband of Catherine Zenk, to a life estate by way of curtesy in the real estate left by his wife at her decease. By the plain averments of the petition he wrongfully and fraudulently deprived his children, one of whom is the plaintiff, of their estate in the land in which he held an estate by curtesy. A cause of action arose in plaintiff's favor immediately upon the consummation of the fraudulent transaction. She was doubtless, at that time, a little child, but she could have maintained an action against her father to set aside the fraudulent conveyance, or to recover damages. The plaintiff had a legal right to an interest in the land descended from her mother, subject to the curtesy of her father, and this right was wrongfully and fraudulently invaded according to the averments of the petition. This right was a valuable one and it is no answer to say that she was not entitled to the possession of the real estate until after the death

of her father. The invasion of the right and the appropriation of her property were just as complete as though she had been entitled to the immediate possession of the land. *B. & O. Rd. Co.* v. *Larwill,* 83 Ohio St., 108, 115, and *Raynor* v. *Mintzer, 72* Cal., 585.

The cause of action which she then had was one which would, by virtue of the provisions of Section 11235, General Code, survive the death of George Zenk.

The petition avers that the fraudulent acts on which the plaintiff's cause of action is based were not discovered until within four years prior to the beginning of this action. The date of discovery thus averred was after the death of her father. It is insisted by counsel for the defendant that the cause of action attempted to be asserted by the plaintiff did not accrue until the discovery of the fraud, and that it evinces an effort to hold a man liable for rents and profits accruing after his death on a cause of action then arising, and reliance is placed on Section 11224, General Code. That section, so far as pertinent to the question under investigation, reads as follows:

"If the action be for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the cause thereof shall not accrue until the wrongdoer is discovered; nor, if it be for fraud, until the fraud is discovered."

Section 11224, General Code, is a part of a chapter entitled "Limitation of Actions," and the purpose of that chapter is to fix a period within which causes of action must be enforced, if enforced at all.

The language quoted must be construed in view of this fact. The provision was originally a part of Section 4982, Revised Statutes, and then contained the language "shall not be deemed to have accrued." It is a familiar principle in the construction of statutes that where they have been revised and consolidated, the same construction which the statute had received before revision should ordinarily be applied to the enactment in the revised form, although the language may have been changed, and the court is only warranted in giving a different construction when the intent of the general assembly to make the change is clear. *State, ex rel. Clough & Co.,* v. *Commissioners of Shelby County,* 36 Ohio St., 326; *Village of Elmwood Place* v. *Schanzle, a Taxpayer,* 91 Ohio St., 354, 357, and *Myers, Treas.,* v. *Benjamin Rose Institute,* 92 Ohio St., 238, 247.

In the light of this principle and these authorities we must construe the language quoted, which provides that if the action be one for fraud it shall not accrue until the fraud is discovered, as meaning that the action shall not accrue for purposes of limitation of time within which an action must be brought. As we have already seen, a cause of action in this case arose in favor of the plaintiff immediately upon the commission of the fraud. We conclude, therefore, that the plaintiff's cause of action as set forth in her petition arose during the life of George Zenk and is not barred by the statute of limitations.

To what damages, then, is the plaintiff entitled? The answer would seem to be, such as would fairly

compensate her for the wrong suffered by the fraudulent act; and they would consist of general damages and such special damages, if any, as naturally and approximately flowed from that fraudulent act and the concealment of the same. Just what the damages are can only appear on a trial of the case, after the evidence has been adduced, but, by way of illustration, we may suppose a case where a bond running for many years and providing for annual payments of interest has been fraudulently misappropriated by one who is entitled to the interest on the bond during his lifetime, and the one who has the right to the bond and the income on the same after the wrongdoer's death has no knowledge of the facts until many years after the death of the wrongdoer, and during the years succeeding that death the interest has been paid to another party to whom he assumed to give the bond. Under such circumstances it would seem to be clear that the owner of the bond on discovery of the fraudulent misappropriation after the death of the wrongdoer would be entitled to recover the damages suffered, which would be not simply the value of the bond misappropriated, but also the income thereof which had been paid after the death of the wrongdoer. In the case at bar the cause of action having arisen when the wrongful act was committed, it is no objection to a recovery that the damages were not all sustained at the time of the commission of the fraudulent act.

Certainly no damages can be recovered except those which naturally and proximately flow from the original fraudulent act and the subsequent concealment thereof.

For the reasons given the judgment will be reversed and the action remanded to the court of common pleas with directions to overrule the demurrer to the petition, and for further proceedings.

*Judgment reversed, and cause remanded.*

CHITTENDEN and KINKADE, JJ., concur.