## Shaw v. Yarbrough.

1. Where issue is joined on the plea of the statute of limitations, the jury have nothing to do with the justice of the account.

2. The plaintiff may reply the statute of limitations to an account pleaded as a set-off, notwithstanding the claim sued on is obnoxious to the same defence, which the defendant omits or neglects to plead.

3. The exception in the statute, in favor of dealing between merchant and merchant, must be relied on by a replication to the plea.

Error to the County Court of Sumter.

THIS was an action of assumpsit brought in the Court below, by the plaintiff in error, against the defendant, on an open account. To a declaration in the usual form, the defendant pleaded as an off-set, an open account due from the plaintiff to him, to which plea the plaintiff replied, that the account pleaded as an off-set, did not accrue within three years, &c., upon which replication issue was joined.

From a bill of exceptions taken at the trial, it appears that the account of the plaintiff against the defendant, was a book account, created in 1835, and that the defendant admitted its correctness, and that it was not barred by the statute of limitations. The defendant produced his account, which was also dated in 1835, and proved its correctness, but adduced no proof to take it out of the statute of limitations. The plaintiff then moved the Court to charge the jury, that the defendant was not entitled to his off-set without proof, to take the account out of the statute of limitations. But the Court refused thus to charge, and instructed the jury, that if the account was proved to be correct, they must allow it—to which the plaintiff excepted.

The jury found for the defendant, and judgment was render-

ed accordingly, from which the plaintiff prosecutes this writ of error, and now assigns for error, the refusal to charge, and the charge as stated in the bill of exceptions.

HAIR, for the plaintiff in error.
RUSHING, contra.

ORMOND, J.—The issue presented to the jury was, whether the account pleaded as a set-off, accrued within three years before the commencement of the suit. The justice of the account was a matter the jury had nothing to do with, and the charge of the Court was clearly wrong. It is supposed by the counsel for the plaintiff in error, that the exception of the statute in favor of dealing between merchant and merchant, will justify the charge of the Court, but nothing of that kind appears on the record. If such was the fact, it should have been relied on in the replication to the plea.

The right to plead the statute of limitations to a debt pleaded as a set-off, is undoubted. This case, however, presents the apparent anomaly of the plea of the statute of limitations, interposed to a plea of set-off, when the debt of the plaintiff is obnoxious to the same defence. This apparent incongruity the defendant might have prevented by interposing the plea of the statute as well as the plea of off-set. In cases where the defendant cannot plead such a plea, in consequence of the plaintiff having issued process to prevent the statute from running, it, has been held that it will also prevent the statute from running against the defendant's demand, although he has issued no process. Ord v. Ruspini, 2 Esp. N. P. 569.

Let the judgment be reversed, and the cause remanded.