CUMMINS & PIKE *vs.* JAMES & WOOLBRIDGE.

A plaintiff, to maintain his action, must be entitled to a legal interest in the suit.
As, by the act of Congress of March 2d, 1838, the Bank of the United States still has a corporate existence, for the special purposes of proceeding to final judgment, execution, satisfaction and settlement of her affairs, the refusal of a court to instruct the jury that if they believe the legal interest in the demand sued for is in that bank, they ought to find for the defendants, is a clear decision by the court, that there is no evidence tending to show that the bank is the legal owner of the demand.
If such suit be against attorneys, to recover moneys collected by them on a judgment in favor of the bank, this raises a presumption that the bank possesses the legal interest; and though there is other testimony rebutting and contradicting this presumption, yet whether it is fully overthrown or dispelled, is a question for the jury; and the instruction in such case is erroneous.
The plaintiffs could recover in such case, in assumpsit, if legally entitled to the proceeds of the judgment, by assignment or otherwise.   It is not necessary that they should be its legal assignees.

THIS was an action of assumpsit, determined in the Pulaski Circuit Court, in November, 1841, before the Hon. JOHN J. CLENDENIN, one of the circuit judges.   James & Woolbridge sued Cummins & Pike, as attorneys, for not paying over moneys collected of one John McLain, on a debt due from him to the plaintiffs, and on the common

counts. On the trial, the plaintiffs proved that the defendants were employed by them to collect the amount of a judgment in favor of the United States Bank against John McLain, and recovered from the plaintiffs fifty dollars, as an advance fee. In March, 1839, Cummins received, on that judgment, $900, and the plaintiffs were advised of its receipt. Cummins promised to take the money to Louisville, and deposite it there to the credit of the plaintiffs, or pay it to them there; and afterwards offered to settle it, if the plaintiffs would pay him twenty per cent. for his fee, which he claimed to have been agreed on. All this was after the partnership between the defendants had been dissolved. The plaintiffs refused to allow the fee claimed by Cummins, and demand was made of both the defendants for the money. The usual fee was 10 per cent. on the first $1000 collected, and 5 per cent. on the residue. This being all the evidence, the defendants moved the court for these instructions: " That if the jury believe, from the evidence, that the legal right to the money in controversy is in the Bank of the United States, they must find for the defendants;" and " That unless the jury believe, from the evidence, that the plaintiffs are legally the assignees of the bank, they must find for the defendants." The jury found for the plaintiffs, $995 45; and the defendants moved for a new trial, which motion was overruled, and they excepted, set out the evidence and instructions, and brought error.

*W. & E. Cummins*, for plaintiffs in error. The instructions are abstractly right, and clearly embody the law arising upon the facts disclosed in the case. When such is the case, the court is bound to instruct, and it is error to refuse. *O'Neal vs. Long*, 4 *Cranch*, 60. *Smith et al. vs. Carington et al.* 4 *Cranch*, 62. *Vasse vs. Smith*, 6 *Cranch*, 226. *Douglass & Mandeville vs. McAllister*, 3 *Cranch*, 300. *Mark vs. Snider*, 1 *Aik.* 104. *Fletcher vs. Howard*, 2 *Aik.* 115. *Campbell vs. Bateman*, 5 *Aik.* 177. *Folly vs. Vantuyl*, 4 *Halst.* 153. *Brooke vs. Young*, 3 *Rand.* 106. *Lewis vs. The State of Ohio, Wilcox Con. Rep. of Ohio*, 839. 1 *Cranch*, 309, 318. 6 *Wheat.* 75. *Art. VI. sec.* 12 *Const. Ark.*

*Trapnall & Cocke,* contra. The proof of the employment of the

78

Cummins & Pike *vs.* James & Woolbridge.

plaintiffs in error, of the collection of the money by virtue of that employment, and a subsequent promise to the defendants in error to pay to them the amount collected, closes the door against all cavil as to the propriety of the judgment.

The motion for a new trial, according to the authority of the case of *Cunningham et al. vs. Bell et al.* 5 *Mason,* 173, and *Danly vs. Robbins' Heirs,* 3 *Ark.* 144, supersedes the bill of exceptions taken on the trial, and leaves the legal presumption in favor of the judgment of the circuit court, uncontradicted by any thing contained in the record.

The verdict of the jury is amply supported by uncontradicted testimony; and admitting that the instruction asked for by the defendants, and withheld by the court should have been granted, there is not the least probability that it would have changed the result; and in no view of the case can the defendants have been injured by the refusal. In *Breckenridge vs. Anderson,* 3 *Monroe,* 718, the court will find ample authority for the judgment given by the circuit court, overruling the motion for a new trial.

*By the Court,* LACY, J.    The money that was collected was admitted to have been received on a judgment in favor of the United States Bank; and the evidence shows that it came into the hands of one of the defendants, (Cummins,) and that he promised to pay the same over upon certain conditions, which were rejected by order of the plaintiffs. It was admitted that fifty dollars had been paid, by the agent of the plaintiffs, who employed the defendants to attend to the collection.

The principle is unquestionably true, that a party, to maintain the action, must be entitled to the legal interest in the suit. If the legal interest is shown to be in the plaintiff, the action will lie; if in another, it cannot be maintained. If there is a contrariety of testimony as to the person in whom the legal interest is vested, and that question is a matter of fact, to be determined by the jury, then of course it will be error in the court to take the question from the jury. There was certainly a conflict of testimony, as to the legal interest.

It is undeniably true, that a corporation can have no legal interest in any suit, after its act of incorporation has expired. This being the

case, it is said that the first instruction was rightly overruled, because the charter of the bank had expired more than two years prior to the institution of the suit, and of course it was divested of all legal interest in the claim. ` This would certainly be true, if the corporate name and capacity of the bank were not continued in force, by an act of Congress, approved March 2d, 1838, by which she is allowed to proceed to final judgment, . execution and satisfaction of her affairs. *Laws U. S. vol.* 9, *p.* 713. This act leaves her corporate name still in existence for these special purposes, and by it she is regarded as being entitled to have the legal interest.

Now, the refusal of the first instruction virtually took from the jury the question of fact as to the right of action. The court, by refusing to instruct the jury, that if they believed the legal interest was in the Bank of the United States, then they ought to find for the defendants, clearly decided the point, that there was no evidence tending to show that the bank was the legal owner of the money. In this they were mistaken; for by admitting the proof that the money was collected upon a judgment rendered in favor of the bank, there was a presumption raised that the bank possessed the legal interest. This presumption was rebutted and contradicted by other testimony in the cause; but whether it was fully overthrown or disproved, was a matter for the jury, and not for the court, to determine, being a question of contested fact. The effect of the instruction is a practical denial to the defendants of a legal presumption in their favor, which the court had no right to deprive them of; ' and, therefore, there is error upon this point.

The second instruction was correctly refused. The plaintiffs in error were not entitled to recover, without showing in themselves the legal interest in the suit. This they might do, by proving that they were legally entitled to the proceeds of the money arising from the judgment in favor of the bank, by assignment, or otherwise; and Cummins & Pike would then be chargeable in assumpsit, if the money was so collected, upon special contract, as the plaintiff's attorneys, to collect the money for them.

Judgment reversed.