ORANGE,
*March,*
1843.

Adm'rs of
J. Chapin,
*v.*
A. & W.
Warden.

LUTHER CHAPIN and SARAH CHAPIN, Administrators of J. CHAPIN, *v.* ANDREW WARDEN and WILLIAM WARDEN.

An acknowledgment, by a debtor, that certain notes exist, and that he has an account to go against them, and a promise to call in a certain time, and have the notes and account settled, are sufficient to remove the bar interposed by the statute of limitations.

When there is no dispute about the facts which are insisted on, as taking a case out of the statute of limitations, the question involved, is one of mere law; but when the facts are doubtful, it is a mixed question of law and fact.

An issue, upon a replication of a new promise, to a plea of the statute of limitations, was tried by the court. The facts being undisputed, it was held that the decision might be revised by the supreme court, on exceptions.

THIS was an action of assumpsit, on two notes of hand, executed more than six years before the commencement of the suit, payable on demand, to the intestate, and signed with the name of the firm of Burnham & Wardens, which consisted of D. R. Burnham, David Warden and the defendants. The defendants pleaded the general issue, which was joined to the court. They, also, pleaded the statute of limitations, to which the plaintiff replied a new promise, within six years. Issue was joined, upon this replication, to the court.

On trial, the plaintiff, to prove the new promise, introduced one Daniel Meader, as a witness, who testified, that he was employed by the plaintiffs as their agent, in and about the business of settling the estate of said intestate, and that, by the direction of the plaintiffs, he called upon the said David Warden, and told him that the plaintiffs had two notes against said firm of Burnham & Wardens, of the same description of those in the plaintiff's declaration mentioned, to which the said David replied, that there were such notes, and they had an account to go against them; and, on another occasion, he promised to call, in two weeks, and have the notes and account settled. Upon the foregoing facts the court decided, that the testimony was not sufficient to take the case out of the statute of limitations, and rendered judgment for the defendants; to which the plaintiffs excepted.

*E. Farr,* for plaintiffs.

It is well settled law, *that the statute operates upon the remedy and not upon the debt;* and that the statute bar is

removed by *an acknowledgment of the continued existence of the debt*; also, that where exemption from liability is not expressly claimed, it is impliedly waived. 3 Vt. R. 177; 7 do. 55; 9 do. 74; 12 do. 263; 13 do. 567; 2 Stark. Ev. 895; 1 Sw. Dig. 304; 5 Bac. Ab. 2628; 3 do. 518; 2 Burr. R. 1099; 8 Mass. 133; 11 do. 452; 4 East, 600; 16 do. 420; 11 C. L. R. 502; 17 do. 191; 39 do. 349; 2 Aik. 350.

ORANGE,
March,
1843.

Admr's of
J. Chapin,
*v.*
A. & W.
Warden.

It would seem to follow from the above principles, and so are the decisions, that an admission that a claim is unsettled, without stating its amount, removes the statute bar, and opens up the whole claim for the consideration of the court, to find the true amount, from the evidence offered, and render judgment upon the merits, for such sum as is proved in court. See 2 Vt. R. 148; 13 do. 576; 39 C. L. R. 349.

To apply these principles to the present case:—defendant's saying that he would call and have the notes and account settled in two weeks, was an admission that the notes were unsettled, and implied a willingness to pay whatever sum should be found due; and if so, the judgment below was wrong, for that must have been pronounced upon the ground that the whole notes were barred by the statute, without any reference to a settlement, or to any balance that might be found due on them. This was giving *no force* to the admissions, and was treating the case as if defendants had said expressly that the notes were outlawed, or that they did not owe anything on them.

What the true sum due the plaintiffs would be, on the notes, cannot be ascertained on *this plea.* That was a question of fact, to be tried below, on other issues. 13 Vt. R. 576; 39 C. L. R. 349; 2 Vt. R. 148.

This case bears no analogy to those where defendant claimed he had paid the debt in a particular way, and plaintiff was allowed to disprove *that way of payment;* nor could plaintiff contest an account in the hands of defendant, which was never presented, on this plea.

*A. Underwood,* for defendants.

An acknowledgment of a debt, to remove the effect of the statute, must be such as shows a willingness on the part of the debtor to remain liable for it. *Phelps* v. *Stewart,* 12 Vt.

Admr's of
J. Chapin,
*v.*
A. & W.
Warden.

R. 256 ; *Blake et al.* v. *Parleman,* 13 Vt. R. 574. It must be made, without any protest or disclaimer of liability, rebutting an implied promise. *Barlow* v. *Bellamy,* 7 Vt. R. 54. It is insisted there can be no promise *implied,* different from, or inconsistent with, the acknowledgment. *Phelps* v. *Stewart,* 12 Vt. R. 256 ; *Tome* v. *Barclay,* 1 Stark. R. 7 ; *Gould* v. *Shirley,* 17 C. L. R. 219 ; *Farr* v. *Lewis,* 19 C. L. R. 98 ; do. 326 ; *Tanner* v. *Smart,* 13 C. L. R. 273.

In the present case, the defendant said he knew that there were such notes. Had his admission stopped here, it is difficult to see how it could raise an implied promise to pay. He did not acknowledge the notes *due,* nor express any willingness to pay. But the admission was *qualified.* At the same time that he said he knew there were such notes, he said the *defendants have an account to go against them.* This is, in effect, *denying* the notes *to be due.* It is like saying they were paid. The qualification goes to rebut any implied promise *to pay.* Had he said he knew there were such notes, but they were more than six years old, or were barred by the statute, or had been paid, or that he could not pay them, or that some other person had paid them — the language would not have been clearer to rebut an implied promise to pay, than that used by the defendant. *Bridges* v. *Plumpter,* 22 C. L. R. 453 ; *Danforth* v. *Culver,* 11 Johns. R. 146 ; Angel on Lien, 238–9 ; *Lorence* v. *Hopkins,* 13 Johns. 288 ; *Sands* v. *Gilston,* 15 Johns. 511 ; *Bangs* v. *Hall,* 2 Pick. 368 ; *Bell* v. *Morrison,* 1 Pet. 351 ; 3 N. Y. Dig. 480, *et seq.* ; *Miller* v. *Caldwell,* 16 C. L. R. 168.

The exceptions show that the issue was joined to the court ; and the court having found the issue in defendants' favor, it is, therefore, insisted that their decision cannot be reversed in the supreme court. Whether there is, or not, a new promise, is a question of fact to be found by the jury ; and that finding is not matter of law to be reviewed in the supreme court. *Kirby* v. *Mayo,* 13 Vt. R. 103 ; *Knott* v. *Farrin,* 16 C. L. R. 191 ; *Gould* v. *Shirley,* 17 do. 219 ; *Linsell* v. *Borsor,* 29 C. L. R. 319 ; *Morrill* v. *Frith,* 34 do. 373.

The opinion of the court was delivered by

WILLIAMS, Ch. J. — The court are frequently called on

to repeat the law, which we have considered as well settled, on the subject of the statute of limitations. The case before us, seems only to call on us to reiterate the decision, that an unqualified acknowledgment of a debt as still subsisting, and unpaid or unsettled, from which a promise to pay, or settle, may be inferred, especially when there is intention expressed to resist the payment, and rely on the statute, is sufficient to remove the bar to recovery, interposed by the statute of limitations. In this case there was an admission of the existence of the notes, and a claim that the defendant had an account to be set off against them, and a *promise to call and settle* both the notes and account, within a few days. There was, impliedly, at least, if not expressly, a promise to adjust the account and pay whatever balance might be found due on the notes; and it was sufficient, agreeably to all our decisions, to remove the bar created by the statute.

On the question whether this decision was such an one as can be revised in this court, it is to be remarked that every question of *law*, decided by the county courts, may be revised in this court. Their decisions on questions of fact are final. When the trial of the issue is by the court, it is sometimes difficult to distinguish between what they intended, as deciding a question of law, and what, as a question of fact. The case of *Phelps* v. *Wood & Stewart*, 12 Vt. R. 256, was determined by the county court, on an issue of fact joined to, and tried by, the court; yet the decision of the county court, on that issue, so far involved the determination of a question of law, that it was revised and reversed, on exception, by the supreme court. Where there is no dispute about the facts, and what the admissions are, which are insisted on, as taking a case out of the statute of limitation, their effect is a question of law. But if the facts are doubtful, it then becomes a mixed question of law and fact. This was the view taken by the court in New-York, in the case of *Clarke* v. *Dutcher*, 9 Cow. 674, and is undoubtedly correct. In the case before us, the facts were undisputed. The county court say, in the exceptions, " *upon the foregoing 'facts*, the court considered the testimony was not sufficient ' to take the case out of the statute of limitations. " This was a decision of a question of law arising from the facts, and is subject to be revised here on exceptions.

ORANGE,
*March*,
1843.

Admr's of
J. Chapin,
*v.*
A. & W.
Warden.

The judgment of the county court is reversed, and a new trial awarded.