[No. 3,629.]

# WILBUR CURTISS v. THOMAS SPRAGUE AND CHARLES E. HUSE.

PLEADING STATUTE OF LIMITATIONS.—If, in an action for money, the defendant, in his answer, sets up a counter-claim, which is barred by the Statute of Limitations, the plaintiff, under the provisions of the Practice Act, is considered to have pleaded the statute by way of replication.

APPEAL from the District Court, First Judicial District, County of Santa Barbara.

The action was brought on a promissory note given by Thomas Sprague to Thomas Dennis, or order, on the 19th day of January, 1865, and payable on the 1st day of November following. The note was endorsed by the defendant Huse. Dennis, the payee, transferred the note to the plaintiff after it fell due. The defendants set up, in their answer, by way of counter-claim, the following demand of Huse against Dennis:

"SANTA BARBARA, December 15th, 1862.

"I, Thomas Dennis, defendant in the suit of *Lewis T. Burton* v. *Thomas Dennis*, Sheriff of the county of Santa Barbara, hereby appoint Charles E. Huse as my attorney to obtain a dissolution of the injunction in said action, and I hereby agree to pay to him one thousand dollars as a fee for obtaining the dissolution of said injunction.

"Witness my hand and seal the day and year above written.                                    THOMAS DENNIS."

It was alleged that Huse obtained a dissolution of the injunction, and that the demand had not been paid. It was admitted in the complaint that payments had been made on the note, and after deducting such payments, the counter-claim was found to exceed the balance due. The plaintiff demurred to the counter-claim " because the action therein alleged has not accrued within four years preceding the filing of the same, or the commencement of this action."

The Court overruled the demurrer. Judgment was rendered in favor of the defendants. The plaintiff appealed from the judgment.

By the provisions of the Practice Act, the only pleadings allowed were, on the part of the plaintiff, the complaint or demurrer to the defendant's answer, and, on the part of the defendant, a demurrer to the complaint or answer. Matters stated in the answer, in avoidance of the cause of action contained in the complaint, were deemed controverted by the adverse party.

*A. Packard,* for the Appellant.

*Charles E. Huse,* for the Respondents.

By the Court, WALLACE, C. J.:

The counter-claim was barred by the Statute of Limitations, and, under the provisions of the Practice Act, the plaintiff must be considered to have pleaded the statute by way of replication to the counter-claim.

Judgment reversed and cause remanded for a new trial. Remittitur forthwith.

Neither Mr. Justice CROCKETT nor Mr. Justice RHODES expressed an opinion.