[No. 12677. Department One. — May 31, 1890.]

## THE GRANGERS' BUSINESS ASSOCIATION OF CALIFORNIA, Respondent, v. JOHN W. CLARK, Appellant.

Pleading — New Matter in Answer — Replication. — A replication traversing new matter alleged in the answer is unnecessary, and has no place in our system of pleading; but such new matter must, on the trial, be deemed controverted by the opposite party.

Id. — New Matter in Avoidance of Answer — Evidence. — The plaintiffs must be considered to have pleaded any new matter in avoidance of a counterclaim or affirmative defense set up in the answer, and may give evidence of such matter in avoidance.

ID. — FORECLOSURE OF MORTGAGE — PLEA OF PAYMENT — EVIDENCE OF AGREEMENT IN AVOIDANCE — APPLICATION OF PAYMENTS. — In a suit to foreclose a mortgage upon real estate, where the defendant pleads payment of the mortgage note out of the proceeds of the sale of a crop of defendant's wheat, upon which plaintiff held a chattel mortgage to secure the same note, plaintiff must be deemed to have pleaded in avoidance of such defense an agreement that the grain, when harvested, should be held as security for other advances made and to be made to and for the defendant, and that the proceeds of the sale of the grain should be applied first in payment of such advances, and the remainder, if any, to the payment of the note; and the court may receive evidence in support of such agreement.

STATUTE OF FRAUDS — ORAL AGREEMENT — MORTGAGE ON CROP — PLEDGE OF HARVESTED CROP FOR ADVANCES — EXTINGUISHMENT OF MORTGAGE. — Section 2922 of the Civil Code, requiring a writing to create, renew, or extend a mortgage, does not render incompetent a verbal agreement to divert harvested grain from the satisfaction of the debt secured by a chattel mortgage on the growing crop, and to convert the grain into a pledge to secure other and subsequent advances from the mortgagor to the mortgagee. Such agreement does not create a chattel mortgage, but operates to extinguish the mortgage on the crop.

FORECLOSURE OF MORTGAGE — ALLOWANCE OF ATTORNEY'S FEE. — The trial court is in duty bound to allow only a reasonable attorney's fee for the foreclosure of a mortgage, and the stipulation in the mortgage respecting such fee is not controlling.

ID. — CORRECTING ALLOWANCE UPON APPEAL. — When the attorney's fee fixed by the trial court exceeds a reasonable sum, it will be corrected by this court upon appeal.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion.

*Michael Mullany,* and *William Grant,* for Appellant.

*Estee, Wilson & McCutchen,* for Respondent.

GIBSON, C. — Defendant appeals from a judgment and order denying a new trial in an action to foreclose a mortgage on real estate.

The defendant, on the 19th of March, 1880, being indebted to the plaintiff corporation in the sum of $5,135, for money loaned to and expended for him, gave to

plaintiff his note for that amount, payable one day after date, bearing interest at the rate of one per cent per month from date, payable quarterly, and if not so paid, to be compounded quarterly.    To secure this note he executed and delivered to' plaintiff, on the same date with that of the note, two mortgages, one upon 160 acres of land in Alameda County, and the other a chattel mortgage upon a certain crop of wheat then growing upon about 480 acres of land, also in the same county.    At divers times from the same day this transaction was had until July 1, 1881, the plaintiff loaned to and advanced for defendant other amounts of money, aggregating the sum of $3,407.06.    Previous to the execution of the note and mortgages, the defendant had delivered a lot of hay, worth $703, to the plaintiff, that it had not accounted for to him, and it was agreed that the amount should be credited upon the note.    Plaintiff, however, first deducted thirty dollars that had been advanced to the defendant, and credited the remainder upon the note.

The crop of wheat described in the chattel mortgage was by the defendant harvested prior to October, 1880, and placed in a warehouse at Livermore, and receipts therefor obtained in the name of the plaintiff, which were delivered to it.    On a sale of this wheat by the plaintiff on July 1, 1881, it realized the sum of $4,061,99. This amount the plaintiff applied to the payment of defendant's indebtedness of $3,407.06, which had, as above shown, accrued after the making of the note and mortgages, and the overplus was applied upon the said note.

Defendant contends that the whole amount realized from the wheat should have been applied upon the note. This raises the principal question, upon the solution of which the case depends.

Plaintiff, in its complaint, seeks to foreclose the mortgage upon the real estate, and admits therein that a certain amount has been paid upon the note, which is

secured by the mortgage. The answer of defendant admits the making of the note and mortgage sued upon, and avers that the crop mortgage, above mentioned, was also made at the same time to secure the same note, and that in accordance with its terms the crop of wheat covered by it was duly harvested and delivered to plaintiff, to be applied to the payment of the note, and that the load of hay above mentioned was delivered to plaintiff for the same purpose.

Thus we perceive that the main issue tendered is, whether the note was paid. To meet the affirmative matter set up in defendant's answer, the plaintiff interposed a replication which traverses such new matter, and, among other things, avers that the proceeds of the sale of the hay and wheat were applied to the payment of the loans and advances other than those included in the note, according to the agreement of the parties. This reply was unnecessary, and has no place in our system of pleading, because the Code of Civil Procedure provides, in section 462, that "the statement of any new matter in the answer, in avoidance or constituting a defense or counterclaim, must, on the trial, be deemed controverted by the opposite party." Thus in *Curtiss* v. *Sprague*, 49 Cal. 301, this court, with respect to the same provision in the Practice Act, said: "The counterclaim was barred by the statute of limitations, and, under the provisions of the Practice Act, the plaintiff must be considered to have pleaded the statute by way of replication to the counterclaim." So in the present case, the plaintiff must be deemed to have pleaded the verbal agreement between itself and defendant, whereby the grain covered by the chattel mortgage, when the same was harvested and delivered to it, should be held as security for the advances made and to be made to and for the defendant, and the proceeds of the sale of the grain should be applied, first to the payment of such advances, and the remainder, if any, to the payment of the note. And it

was proper for the court to receive evidence in support of such agreement.

. Although the two mortgages are separate and distinct from each other, they were given for the sole purpose of securing the same note, a copy of which is set forth in each of them. This is found as a fact by the court, and is not disputed; and it is also found that at or about the time the note and mortgages were made, and at different times until July 1, 1881, "the defendant orally, but not in writing, promised and agreed, in consideration of said advances and loans being made and to be made from time to time by plaintiff to defendant, that the plaintiff should have and hold, as fast as the same could be delivered, all produce raised by the defendant, including the wheat mentioned in defendant's answer, as security for the payment of all moneys so loaned, paid out, and advanced by plaintiff to defendant in excess of the note described in the complaint," and that all the proceeds of the sale of such produce should be applied by plaintiff to the payment of moneys advanced, and the remainder, if any, to the payment of the note.

The evidence in support of the finding as to the verbal agreement is not as satisfactory as it might be, but the testimony of the defendant to the contrary presents such a conflict as to preclude us, under the settled rule in this regard, from disturbing it.

But it is earnestly urged by counsel for appellant that even if the evidence relevant to the issue involving the verbal agreement was properly received, and is sufficient to support the finding respecting it, such an agreement in effect created a chattel mortgage, contrary to section 2922 of the Civil Code, which provides that " a mortgage can be created, renewed, or extended only by writing executed with the formalities required in the case of a grant of real property."

A complete answer to this is, the finding shows the verbal agreement related to the grain when it should be

harvested and delivered, and such grain could not be made the subject of a chattel mortgage, under section 2955 of the Civil Code, in which the only personal property capable of being mortgaged is specified.

But we think it was perfectly competent for them by agreement to divert the grain from the satisfaction of the debt for which it was first agreed in the chattel mortgage it should be security, and convert it into a pledge to secure the payment of defendant's other and subsequent indebtedness. This, it is true, affected the written mortgage, but instead of it being modified or changed by such verbal agreement, it was extinguished when such agreement was executed.

The mortgage on the real estate provides that, in the event of a suit being brought to foreclose the mortgage, an attorney's fee not exceeding five hundred dollars, and ten per cent upon the amount found due to plaintiff on the note and mortgage, shall be allowed. At the trial the counsel for the respective parties agreed to leave the amount of such fee to the court. And the court thereupon found and allowed one thousand dollars as a reasonable attorney's fee. Defendant's counsel now claim, — 1. That no attorney's fee should be allowed in view of an offer they made to permit judgment to pass against the defendant for the amount due upon the note after deducting the payments claimed to have been made thereon; and 2. That the amount allowed is unreasonable and excessive. The offer referred to was made upon the theory that plaintiff could not prove and recover upon the verbal agreement above mentioned, which, as we have seen, it was properly permitted to do.

In view of the record here, we are constrained to say that the amount fixed by the court appears to be too great, and that six hundred dollars would, in our opinion, be a fair and reasonable compensation for plaintiff's counsel. The stipulation in the mortgage is not controlling, as the law provides: "In all cases of foreclosure

of mortgage the attorney's fee shall be fixed by the court in which the proceedings of foreclosure are had, any stipulation in said mortgage to the contrary notwithstanding." (Act of March 27, 1874, sec. 1; Stats. 1873–74, p. 707.)   And when on appeal the sum fixed by the trial court exceeds a reasonable amount, it will be corrected by this court.   (*Mascarel* v. *Raffour*, 51 Cal. 242.)

We therefore advise that the judgment be modified by deducting four hundred dollars from the sum allowed therein as an attorney's fee, and as thus modified, it, and the order denying a new trial, be affirmed.

VANCLIEF, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is modified by deducting four hundred dollars from the sum allowed therein as an attorney's fee, and as thus modified, it, and the order denying a new trial, are affirmed.

Hearing in Bank denied.