[Sac. No. 1627.  Department One.—October 9, 1908.]

## FRANK F. PECK, Respondent, v. M. J. NOEE et al., Appellants.

CORPORATIONS ORGANIZED IN FOREIGN STATES—INDIVIDUAL LIABILITY OF STOCKHOLDERS—PRESUMPTION AS TO FOREIGN LAWS—PLEADING.— In an action against stockholders of a corporation organized under the laws of a foreign state, but which carried on its business in California, to enforce their alleged individual liability, under the laws of California, for the debts of the corporation incurred in doing business in this state, it will be presumed, in the absence of allegations as to the laws of such foreign state, that its laws are the same as the laws of California, and the defendants, if they rely upon an exemption of individual liability under the laws of the foreign state, must allege such law in their answer as an affirmative defense.

ID.—EXEMPTION AS DEFENSE TO LIABILITY—EVIDENCE AND FINDING IN AVOIDANCE.—Where the defendants in their answer allege an exemption of individual liability under the constitution of the foreign state, such allegation is deemed to be controverted by the plaintiff, and permits him to offer proof, without pleading the same, of any affirmative matter in avoidance of such defense. Under such pleadings it was permissible for the plaintiff to show, and for the court to find in support of a judgment for the plaintiff, that the corporation was organized under the general corporation law of the foreign state for the purpose and with the intention of doing business in California.

ID.—APPEAL FROM JUDGMENT ON JUDGMENT-ROLL—FACT ASSUMED TO BE IN ISSUE.—Where an appeal is upon the judgment-roll alone, or

where it appears that no objection was made to the admission of evidence of a fact, and the trial was had upon the theory that the fact was in issue, the objection that the finding of fact was outside of the issues will not be considered on appeal.

ID.—FOREIGN CORPORATION ORGANIZED TO DO BUSINESS IN CALIFORNIA— INDIVIDUAL LIABILITY OF STOCKHOLDERS.—Where the articles of incorporation of a foreign corporation declare that it was the purpose of the corporation to do business in California, the stockholders are liable individually to the creditors of the corporation for debts incurred by the corporation in doing business in California, in accordance with the laws of that state on that subject.

APPEAL from a judgment of the Superior Court of Plumas County. J. D. Goodwin, Judge.

The facts are stated in the opinion of the court.

James T. Boyd, A. N. Salisbury, and H. B. Wolfe, for Appellants.

L. N. Peter, for Respondent.

SHAW, J.—This is an appeal from the judgment upon the judgment-roll alone. The action is by the plaintiff for himself and as assignee of twenty-seven other persons against the appellants as stockholders of the Hathaway Mill & Lumber Company, a corporation organized under the laws of the state of Nevada and doing business in California, to enforce their alleged liability, as such stockholders, to the plaintiff as a creditor of the corporation. The only question presented for consideration on the merits of the case is whether or not the stockholders of a corporation organized in Nevada are individually liable, under the laws of California, for the debts of the corporation incurred in doing business in California.

The complaint alleges that the Hathaway Mill & Lumber Company is and has been ever since May 5, 1903, a corporation created under the laws of Nevada, that during all that time it had been doing business in the counties of Plumas and Sierra in this state, and that the several debts sued on were contracted in this state during that period. These allegations, and indeed, all the allegations of the complaint, were admitted. As an affirmative defense, the defendants alleged that the constitution of the state of Nevada contained the following provision: "Dues from corporations shall be secured by such

means as may be prescribed by law; provided, that corporators of corporations formed under the laws of this state shall not be individually liable for the debts or liabilities of such corporations." The finding is that this allegation is true. In addition thereto, however, the court found that said Hathaway Mill & Lumber Company was organized on May 6, 1903, "under and by virtue of that certain act of the state of Nevada and entitled 'An act providing a general corporation law, approved March 16, 1903,' [Nev. Laws, 1903, p. 121], for the purpose and with the intention of doing business in the counties of Plumas and Sierra, state of California." Other findings were made to the effect that the appellants Noee and Ramelli were, at the time the corporation was organized, and ever since have been, residents of Plumas County, California; that they were the original organizers and corporators of said corporation; and that when the debts sued on were incurred they were directors thereof and respectively secretary and vice-president. The respondent claims that these findings bring the case within the principle laid down by the United States supreme court in *Pinney* v. *Nelson*, 183 U. S. 145, [22 Sup. Ct. 52], and are sufficient to support the judgment.

The preliminary objection of the appellants, that these findings are outside of the issues and must be disregarded, is untenable. The complaint stated a good cause of action to enforce a stockholders' statutory liability, if the laws of Nevada on that subject are the same as our own. (Const., art. XII, sec. 3; Civ. Code, sec. 323.) It contained no allegation as to the effect of the laws of Nevada. "The courts of a country are presumed to be acquainted only with their own laws; those of other countries are to be averred and proved, like any other facts of which courts do not take judicial notice." (*Norris* v. *Harris*, 15 Cal. 254, quoting *Monroe* v. *Douglass*, 5 N. Y. 452.) "Where a party seeks to either recover or defend under a foreign law, such law must be pleaded and proved like any other fact." (9 Ency. of Plead. & Prac., p. 542; *Roots* v. *Meriwether*, 71 Ky. 400; *Kansas Pac. R. Co.* v. *Cutler*, 16 Kan. 568; *O'Sullivan* v. *Griffith*, 153 Cal. 502, [95 Pac. 875], and cases there cited.) The courts of this state take notice of its own laws, and, as above stated, in the absence of plea or proof to the contrary, presume that the laws of other states are the same. A good cause of action was therefore set forth in the

complaint, on its face. The defendants were required to plead and prove the laws of Nevada as an affirmative defense, if they claimed they were exempted thereby from the operation and effect of the laws of this state. This they did in their answer. There is no provision for a reply in our system of pleading and the statement of any new matter in the answer is "deemed controverted" by the plaintiff (Code Civ. Proc., sec. 462). This is held to allow proof by the plaintiff, without pleading the same, of any affirmative matter in avoidance of the new matter pleaded in an answer. (*Moore* v. *Copp*, 119 Cal. 433, [51 Pac. 650]; *Wixson* v. *Devine*, 67 Cal. 345, [7 Pac. 776]; *Curtiss* v. *Sprague*, 49 Cal. 301; *Colton* v. *Raynor*, 57 Cal. 588.) The question whether or not facts existed which would make the affirmative defense pleaded in the answer unavailing was therefore an issue raised by the law upon the answer, and a finding of such facts was clearly within the issues of the case. We do not wish to be understood as conceding that the appellants are in a position to make this objection. It appears to be established that where the appeal is upon the judgment-roll alone, or where it appears that no objection was made to the admission of evidence of a fact and the trial was had upon the theory that the fact was in issue, the objection that the finding of fact was outside of the issues will not be considered on appeal. (*McDougald* v. *Hulett*, 132 Cal. 163, [64 Pac. 278]; *Krasky* v. *Wollpert*, 134 Cal. 343, [66 Pac. 309]; *Beardsley* v. *Clem*, 137 Cal. 332, [70 Pac. 175]; *Illinois T. & S. Bank* v. *Pacific Railway Co.*, 115 Cal. 285, [47 Pac. 60]; *Sukeforth* v. *Lord*, 87 Cal. 399, [25 Pac. 497]; *Moore* v. *Campbell*, 72 Cal. 251, [13 Pac. 689]; *Horton* v. *Dominguez*, 68 Cal. 642, [10 Pac. 186].)

We take the finding above quoted to mean that the articles of incorporation of the Hathaway Mill & Lumber Company declared that it was the purpose of the corporation to do business in California. It is not claimed that this is not its meaning and effect. Under these circumstances, the case of *Pinney* v. *Nelson*, 183 U. S. 145, [22 Sup. Ct. 52], is controlling to the effect that the liability of stockholders, individually, to the creditors of the corporation, for debts incurred by the corporation in doing business in California, is governed by the laws of California on the subject. That case involved a stockholder's liability, under California law, for debts of a cor-

poration organized in Colorado and declaring in its articles that it was organized to do business in the state of California. The court said (p. 148): "Passing to a consideration of the stockholders' contract in the light of the other contention, it may be said that ordinarily it is controlled by the law of the state in which the incorporation is had. That is the place of contract, and, generally, the law of the place where a contract is made governs its nature, interpretation and obligation. While this is so, it is also true that parties in making a contract may have in view some other law than that of the place, and when that is so that other law will control. That the parties have some other law in view and contract with reference to it is shown by an express declaration to that effect. In the absence of such declaration it may be disclosed by the terms of the contract and the purpose with which it is entered into." On page 151 the court states its conclusion in the matter thus: "When a corporation is formed in one state, and by the express terms of its charter it is created for doing business in another state, and business is done in that state, it must be assumed that the charter contract was made with reference to its laws; and the liabilities which those laws impose will attend the transaction of such business." These principles clearly show the liability of the defendants here and fully sustain the judgment of the court below.

The judgment is affirmed.

Angellotti, J., and Sloss, J., concurred.