[Civ. No. 1393.   First Appellate District.—January 8, 1915.]

## PACIFIC IMPROVEMENT COMPANY, Respondent, v. GEORGE H. MAXWELL, Appellant.

ACTION ON PROMISSORY NOTE — PLEADING — COUNTERCLAIM—DENIAL—STATUTE OF LIMITATIONS.—In an action upon a promissory note, where the defendant sets up a counterclaim for professional services, under section 462 of the Code of Civil Procedure the new matter in the answer set up in avoidance or constituting a defense or counterclaim is deemed denied, and under this section there was no necessity for any further pleading upon behalf of the plaintiff; nor was it necessary to formally plead the statute of limitations against the items of defendant's counterclaim, as that statute was deemed pleaded by operation of law.

ID.—EXTENSION OF TIME OF PAYMENT—AGREEMENT FOR FORBEARANCE—WRITTEN INDORSEMENTS ON NOTE—INSTRUCTIONS.—In such a case, where the complaint, in addition to counting upon the note, alleged and relied upon two indorsements of the note by the defendant, whereby he acknowledged the existence of the indebtedness evidenced by the note, and promised and agreed to pay the principal and all interest accrued and to accrue thereon according to its tenor and effect, the court did not err in instructing the jury, in effect, that if they should find that the defendant's written indorsement of the note was made upon the consideration that the plaintiff should forbear to sue upon the note, and did not in fact sue upon it for a period of seven years thereafter, then as a matter of law such forbearance was a good consideration, which was sufficient to support the execution and enforcement of the obligation of the indorsement, said instruction not being open to the objection that it charged that mere forbearance was a good consideration, and that by implication it told the jury that there was an agreement between the parties to forbear; nor did it invade the province of the jury in charging upon matters of fact.

ID.—INSTRUCTIONS—FORBEARANCE TO SUE.—Liberally construed said instruction did no more nor less than state to the jury that the plaintiff's forbearance to sue, if the jury should find such to be the fact, was a good and valid consideration for the defendant's indorsement, only in the event that the jury should further find that such indorsement was made upon the consideration that plaintiff should forbear to sue.

ID.—CONSIDERATION.—The word "consideration" is recognized in law and is generally understood as the equivalent or return given or suffered by one for the act or promise of another.

ID.—INSTRUCTIONS — FORBEARANCE — CONSTRUCTION OF INSTRUCTIONS.—Where in such case the court of its own motion, when charging upon

another phase of the case which involved the law of forbearance, indicated clearly to the jury that, in order to constitute a good and valid consideration, forbearance must be founded upon "an agreement" to forbear, the charge as a whole as far as the question of forbearance was concerned must be held to have correctly stated the law and could not have been confusing to the jury.

ID.—PLEADING—INDORSEMENT IN HAEC VERBA—STATUTE OF LIMITATIONS—INSTRUCTIONS WITHIN ISSUES.—In such a case the instruction was well within the issues raised by the pleadings and developed by the evidence where the complaint pleaded the defendant's indorsement of the note *in haec verba*, which expressly declared that it was made by the defendant "for the purpose of preventing the bar of the statute of limitations," and subsequently the note and its indorsement was admitted in evidence.

ID.—INSTRUCTIONS—AGREEMENT TO FORBEAR—PROPER REFUSAL OF INSTRUCTIONS.—In such a case there was no error in refusing an instruction proferred by the defendant to the effect that forbearance, to constitute a good and valid consideration, must be founded upon an agreement to forbear, where the point was sufficiently covered by other instructions given.

ID.—INSTRUCTIONS—COUNTERCLAIM—STATUTE OF LIMITATIONS—ACCRUAL OF CAUSE OF ACTION—SUBMISSION TO JURY.—In such a case there was no error in giving an instruction at the request of the plaintiff to the effect that the defendant's counterclaim was barred by the statute of limitations if it was found by the jury that none of the services alleged to have been rendered to the plaintiff "were rendered within four years immediately prior to the commencement of the action, and that defendant's cause of action for such services accrued prior to said four year period." Issue having been joined on the plea of the statute of limitations, and the evidence upon this phase of the case being conflicting, the question as to when with reference to the commencement of the action defendant's cause of action on his counterclaim accrued was a mixed question of law and fact, which was properly left to the jury for determination.

ID.—CONSIDERATION OF NOTE—BURDEN OF PROOF—AMBIGUOUS INSTRUCTION.—In such a case the court did not err in refusing to give an instruction proferred by the defendant which charged, "that in order that plaintiff may recover in this action it must appear that there was a consideration for the execution of the note in suit," as this instruction is ambiguous to the extent that it might have been inferred therefrom that the burden of proof was upon the plaintiff to show that the promissory note in suit was executed for a valuable consideration; and the court properly instructed the jury that the burden of showing a want of consideration was upon the maker of the promissory note and that there could be no recovery upon such note where it was shown to have been executed without a consideration.

ID.—EVIDENCE—DISPUTABLE PRESUMPTION—CHARGE ON WEIGHT OF EVI-
DENCE—WEIGHT OF EVIDENCE FOR JURY.—In such a case the court
properly refused to give an instruction proferred by the defendant
to the effect that "disputable inferences or presumptions while evi-
dence are evidence the weakest and least satisfactory," as such in-
struction was argumentative in form, and was directed to the weight
of evidence. It is a settled rule that the force and effect of pre-
sumptions of fact, and the question as to whether they have been
overcome by other evidence, are for the jury to determine.

ID.—DEFENSE—FAILURE OF CONSIDERATION—NOTES GIVEN ON PURCHASE
PRICE OF LAND — SALE OF LAND TO OTHERS — INSTRUCTIONS — IN-
VALIDITY OF PAROL AGREEMENT.—In such a case, where one of the
defenses was that the promissory note in suit was given in lieu of
other promissory notes which defendant claimed were executed to
be applied on account of the purchase price of certain lands, which
lands defendant claimed plaintiff had since sold, and thereby ren-
dered it impossible to perform the contract, the court did not err
in refusing to give an instruction proferred by the defendant to the
effect that an agreement required to be in writing is invalid and
cannot be made the foundation of an obligation or liability in favor
of or against either the plaintiff or the defendant, if the jury found
that such agreement had not been reduced to writing. Although
the instruction was correct as an abstract proposition of law, it did
not apply to the facts in that it did not contain the exception to
the rule that a parol agreement for the purchase and sale of land
is neither void nor unenforceable if the jury find that it had been
partly performed by a part payment of the purchase price.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order deny-
ing a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

J. W. Dorsey, W. E. Cashman, and R. M. F. Soto, for
Appellant.

Platt & Bayne, and J. P. Langhorne, for Respondent.

LENNON, P. J.—In this action the plaintiff sued to recover
from the defendant upon the latter's promissory note exe-
cuted to the plaintiff in the sum of $15,452.34 on March 19,
1907, and payable one day after date. The plaintiff's com-
plaint, in addition to counting upon the note, alleged and
relied upon the defendant's two indorsements of the note
made and dated respectively on January 31, 1901, and Janu-

ary 23, 1909, whereby he acknowledged the existence of the indebtedness evidenced by the note, and promised and agreed to pay the principal and all interest accrued and to accrue thereon according to its tenor and effect. The plaintiff's complaint, by appropriate allegations, further averred facts which showed the defendant's absence from the state from and after the making and maturity of the note and the indorsements thereon for a period of time sufficient to toll the statute of limitations. The answer of the defendant pleaded a want of consideration for the execution of the note and the indorsements made thereon; and further alleged that the note in suit was executed in lieu of and as a renewal of twelve prior promissory notes executed by defendant to plaintiff, which it was alleged had theretofore been fully paid and discharged; and it was further alleged with respect to these particular notes that the consideration for their execution had failed prior to the commencement of the action on the note in suit, for the reason, as alleged, that they were executed upon the agreed consideration "that the same should be applied on account of the purchase by the defendant from the plaintiff of the interest of plaintiff in certain lands in Sonoma County; that plaintiff had since then sold to others than the defendant a large part of said lands, so that the fact is it could not now or when this action was commenced carry out on its part the aforesaid agreement with the defendant." Finally as a set-off and counterclaim the answer of the defendant pleaded an indebtedness in the sum of fifty thousand dollars alleged to be due to him from the plaintiff for professional services rendered to the latter. The allegations of the defendant's counterclaim were denied in an answer filed by the plaintiff, which answer also pleaded the statute of limitations against the items of the defendant's counterclaim.

At the outset the defendant and appellant asks this court to strike out or at least disregard the plaintiff's answer to his counterclaim. A like motion was made in the court below and there denied; but it was stipulated by the parties to the action that the answer in question might be incorporated as a part of the record on appeal. It is insisted that the plaintiff's answer was not required under our system of pleading, and is therefore not properly in the case. Section 462 of the Code of Civil Procedure provides that any new matter in

the answer of a defendant in avoidance or constituting a defense or a counterclaim, must be deemed denied. Under this section there was no necessity for any further pleading upon behalf of the plaintiff; nor was it necessary to formally plead the statute of limitations against the items of the defendant's counterclaim. That statute was deemed pleaded by operation of law. (*Cutris* v. *Sprague*, 49 Cal. 301; *Grangers' etc.* v. *Clark*, 84 Cal. 201, [23 Pac. 1081]; *Moore* v. *Copp*, 119 Cal. 429, [51 Pac. 630]; *Peck* v. *Noee*, 154 Cal. 351, [97 Pac. 865].) The case was tried and determined upon the theory contemplated by the code section last referred to, and therefore the question as to whether the plaintiff's answer to the counterclaim should be eliminated can have no bearing upon the merits of the appeal and is of no consequence save as a matter of practice.

The action was tried by the court below with a jury and resulted in a verdict and judgment in favor of the plaintiff for the full amount of the principal and interest found to be due and unpaid upon the note in suit. The appeal is from the judgment and from the order denying the defendant a new trial. The case comes here upon the judgment-roll and a bill of exceptions.

In support of the appeal it is claimed that the court erred in the giving and refusing of certain instructions, and that the evidence is insufficient to support the verdict and judgment.

It is one of the contentions of the appellant that the court erred in its instructions to the jury on the question of forbearance, wherein the jury were in effect told that if they should find that the defendant's written indorsement of the note dated January 31, 1901, was made upon the consideration that the plaintiff should forbear to sue on the note, and did not in fact sue upon the note for a period of seven years thereafter, then as a matter of law such forbearance was a good consideration, which was sufficient to support the execution and enforcement of the obligation of the indorsement.

It is claimed that this instruction is not only unsound in its statement of the law, but that it is based upon a theory not disclosed by the pleadings nor developed by the evidence. The contention is not well taken. As we understand the contention in this behalf, it is based upon the erroneous assumption that the instruction complained of charged that mere

forbearance was a good consideration, and by implication told the jury that there was an agreement between the parties to forbear. From this it is argued that the trial court not only misstated the law and assumed a fact not in evidence, but invaded the province of the jury as well by charging upon a matter of fact. We do not think that the instruction complained of is fairly susceptible of the construction contended for. Liberally construed it did no more nor less than state to the jury that the plaintiff's forbearance to sue, if the jury should find such to be the fact, was a good and valid consideration for the defendant's indorsement of January 31, 1901, only in the event that the jury should further find that such indorsement "was made upon the consideration that plaintiff should forbear to sue. . . . '' True the proposition of law involved might have been more clearly and exactly stated, but the word "consideration" is recognized in law and is generally understood as the equivalent or return given or suffered by one for the act or promise of another, and therefore the phrase "in consideration," considered in connection with the context of the instruction complained of, may be fairly said to have been understood by the jury to mean that if they found that the plaintiff did in fact forbear to sue on the note, such forbearance would not constitute a good and valid consideration for the defendant's indorsement of the note unless they should also find as a fact that such forbearance was founded upon and induced by a preceding promise to forbear. So construed the instruction complained of correctly stated the law, and did not assume and then charge upon the existence of a fact in the case.

But apart from these considerations the trial court of its own motion, when charging upon another phase of the case which involved the law of forbearance, indicated clearly enough to the jury that, in order to constitute a good and valid consideration, forbearance must be founded upon "an agreement" to forbear. This being so we are satisfied that the charge of the court as a whole clearly and correctly stated the law of the case insofar as the question of forbearance was concerned, and that therefore the jury was neither confused nor misled by the particular instruction complained of.

That this instruction was well within the issues raised by the pleadings and developed by the evidence is manifested by the fact that the plaintiff's complaint pleaded the defend-

ant's indorsement of the note *in haec verba,* which expressly declared that it was made by the defendant "for the purpose of preventing the bar of the statute of limitations." Subsequently the note and its indorsement were admitted in evidence. This being so, we are unable to perceive why the instruction complained of was not responsive to the issues and the evidence in the case.

The court did not err in refusing to give the defendant's requested instruction to the effect that forbearance, to constitute a good and valid consideration, must be founded upon an agreement to forbear. This proposition we think was sufficiently covered by the instruction hereinbefore referred to and other instructions contained in the charge of the court.

Complaint is made of an instruction given at the request of the plaintiff to the effect that the defendant's counterclaim was barred by the statute of limitations if it was found by the jury that none of the services alleged to have been rendered to the plaintiff "were rendered within four years immediately prior to the commencement of the action, and that defendant's cause of action for such services accrued prior to said four year period." It is not contended that this instruction was erroneous in its statement of the law, but it is claimed that it submitted to the jury the question of law as to when, with reference to the commencement of the action, the defendant's cause of action had accrued, and that it should not have been given at all because the evidence shows that the employment of the defendant was continuous, and that the services rendered thereon extended over a period of time which would have taken the defendant's claim without the bar of the statute. Conceding the evidence to be as is claimed, the instruction in question nevertheless left the ascertainment of the fact as to whether or not the defendant's claim was barred by the statute of limitations to the jury, and therefore we cannot perceive how such instruction operated to the prejudice of the defendant. Issue having been joined on the plea of the statute of limitations, and the evidence upon this phase of the case being conflicting, the question as to when with reference to the commencement of the action the defendant's cause of action on his counterclaim accrued, was a mixed question of law and fact, which was properly left to the jury for determination. (*Reed* v. *Swift,* 45 Cal. 255; *Shaw* v. *Yarbrough,* 3 Ala. 588; *Clarke*

v. *Dutcher,* 9 Cow. (N. Y.) 674; *Chapin* v. *Warden,* 15 Vt. 560.)

Complaint is made of the trial court's refusal to give the defendant's requested instruction which charged ". . . that in order that the plaintiff may recover in this action it must appear that there was a consideration for the execution of the note in suit." This language of the instruction is obviously ambiguous to the extent that it might have been inferred therefrom that the burden of proof was upon the plaintiff to show that the promissory note in suit was executed for a valuable consideration, and for that reason the instruction was rightfully refused. It may be noted that the court elsewhere in its charge clearly and correctly stated the rule of law which places the burden of showing a want of consideration upon the maker of a promissory note, and declares that there can be no recovery upon a promissory note shown to have been executed without a consideration.

The trial court rightfully refused that portion of a requested instruction of the defendant which charged that "disputable inferences or presumptions while evidence are evidence the weakest and least satisfactory." While this language was employed by way of argument in the opinion in the case of *Savings & L. Society* v. *Burnett,* 106 Cal. 514, 529, [39 Pac. 922], nevertheless we are satisfied that it was not intended as the statement of a rule of law which should govern a jury in its decision of the question as to whether or not a disputable presumption had been overcome and dispelled by other evidence. This must be so because, aside from the fact that the requested instruction was argumentative in form, it was directed to the weight of the evidence, and it is the settled rule that the force and effect of presumptions of fact, and the question as to whether they have been overcome by other evidence, are for the jury to determine. (*Cummins* v. *James,* 4 Ark. 616; *Bigelow* v. *Doolittle,* 36 Wis. 115; *Hancock v. Supreme Council,* 69 N. J. L. 308, [55 Atl. 246]; *Pennsylvania* v. *Weiss,* 87 Pa. St. 447; *Sessions* v. *Newport,* 23 Vt. 9.)

The defendant's requested instruction numbered 5 was to the effect that an agreement required to be in writing was invalid and could not be made the foundation of any obligation or liability in favor of or against either the plaintiff or the defendant, if the jury found that such an agreement had not been reduced to writing.

As an abstract proposition of law this instruction was correct, but as applied to the facts of the present case it was defective and rightfully refused, because it did not contain the exception to the rule that a parol agreement for the sale and purchase of land was neither void nor unenforceable if the jury found that it had been partly performed by a part payment of the purchase price. The evidence upon the whole case is undoubtedly in substantial conflict, and we do not understand that the point is made that the evidence does not generally support the verdict and judgment, but apparently it is contended that there was some evidence in the case offered upon behalf of the defendant which, if it had been accepted by the jury, would have been sufficient to warrant a finding that there were services rendered the plaintiff at its special instance and request by the defendant of a value equal to if not greater than the sum sued for by the plaintiff, and that the jury was prevented from considering this evidence by the instruction of the court which told the jury that if they found that none of the defendant's services had been rendered within four years prior to the commencement of the action, the defendant was not entitled to an offset, because his claim would be barred by the statute of limitations. From this it is argued. that the verdict and judgment were contrary to the evidence upon that phase of the case which involved the items of the defendant's counterclaim and the bar of the statute of limitations.

We must confess that we cannot comprehend the force of this contention. As previously pointed out, the instruction of the court upon this particular matter was free from error, and left to the jury the determination of the question as to whether or not the defendant's counterclaim was in fact barred by the statute of limitations, and if this be so, clearly the instruction last complained of did not have the effect of withdrawing any of the evidence in the case from the consideration of the jury.

The judgment and order appealed from are affirmed.

Kerrigan, J. and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 8, 1915.