[Civ. No. 3177. First Appellate District, Division One.—January 28, 1920.]

## J. L. BRADY et al., Appellants, v. R. A. FOWLER et al., Respondents.

[1] CONTRACTS — NATURE OF — AMBIGUITY AND UNCERTAINTY — PAROL EVIDENCE.—Where written agreements relating to real property are ambiguous and uncertain as to whether they were intended to constitute an option to purchase the property or a lease thereof with an option to purchase, in order to arrive at a correct interpretation the trial court, in an action based thereon, is justified in resorting to evidence of the circumstances under which they were executed, including the situation of the subject matter thereof and of the parties thereto.

[2] ID. — FINDINGS — APPEAL ON JUDGMENT-ROLL ALONE — PRESUMP-
TIONS.—The trial court, in such action, having admitted evidence
upon such points and having determined that the instruments did
not constitute a lease, and the appeal from the judgment based
on such finding having been taken on the judgment-roll alone, the
appellate court must assume that the evidence thus admitted fully
supported the findings of the trial court.

[3] ID.—AGREEMENT TO PAY TAXES—TERMINATION OF OPTION—EX-
TENT OF LIABILITY.—Where such agreements provided that the
holder of such option should pay all taxes assessed upon the prop-
erty during the term of the option, he became liable only for the
taxes which became due prior to the termination of the option,
notwithstanding the owner of the property did not resume con-
trol and dominion over the property until a later date.

[4] ID.—ACTION ON CONTRACTS—AMBIGUITY AND UNCERTAINTY—ISSUES
—PAROL EVIDENCE—FINDINGS.—The agreements set out in the com-
plaint having been ambiguous and uncertain, and there having been
an issue as to the correct interpretation thereof, the trial court
having properly admitted evidence of the circumstances under which
they were executed, its findings touching those circumstances can-
not be said to be outside the issues made by the pleadings.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. L. Brady and Dewitt J. Brady for Appellants.

Goudge, Robinson & Hughes and J. Wiseman Macdonald
for Respondents.

RICHARDS, J.—Appeal by plaintiffs from a judgment
in their favor for the sum of $1,306.94. The appeal is taken
upon the judgment-roll alone, and from the facts found
by the court it appears that the plaintiffs, husband and wife,
on October 1, 1912, entered into a written agreement with
the defendant R. A. Fowler, by which they granted to Fow-
ler an option to purchase certain real property situate in
the city of Los Angeles for the sum of one hundred and ten
thousand dollars, the latter agreeing until the exercise by
him of said option during the term of the agreement to pay
to the plaintiffs on the first day of every month the sum
of $550, these payments aggregating annually the sum of
six thousand six hundred dollars, and being six per cent

upon the said purchase price. Said agreement or option also provided that Fowler should pay all taxes assessed upon the property during the term of the option. This writing was variously referred to therein as a "lease and option" and a "lease or option," and much of its verbiage was evidently taken from the form of a lease pure and simple. In the month of July, 1913, the defendant Goudge, desiring to succeed to the interest of Fowler under said agreement, but not being willing to do so if it should be claimed by the plaintiffs that it created as between the parties to it the relation of lessors and lessee, the plaintiff J. L. Brady and defendant Fowler on July 12, 1913, entered into what is termed in the complaint and findings a "memorandum of auxiliary agreement," the terms of which, however, are just as, if not more, ambiguous than those of the instrument that it purported to clarify. Said plaintiff received from Fowler the sum of one thousand dollars for entering into this auxiliary agreement, and the court finds that it was entered into for the purpose of satisfying Goudge that the original agreement of October 1, 1912, was an "option to purchase and not a lease," and that it was mutually understood between plaintiff J. L. Brady and the defendants at the time said auxiliary agreement was executed that the original agreement and the auxiliary agreement together constituted an option to purchase and not a lease, and that the monthly installments of payments of $550 were intended to be paid as interest on an option purchase price of one hundred and ten thousand dollars while the option was in force. In this connection the court also found that these two writings were ambiguous and uncertain, but that when construed in the light of the circumstances surrounding their making they constitute an option to purchase said real property, and not a lease and option, as contended by the plaintiffs. The court further found that defendant Goudge never personally entered into possession of the real property forming the subject of said option, but that at all times mentioned in the amended and supplemental complaints it was occupied by one Jennie Boyd as a tenant from month to month at a rental of less than $80 per month, and that its rental value did not exceed said sum. The court also found as facts that between July 17, 1913, and November 30, 1914, the defendant Goudge paid to the plaintiff J. L. Brady the

monthly sum of $550 as interest on said option purchase
price; that no payments were made by either of said defend-
ants after November 30, 1914; that between October 1,
1912, and July 17, 1913, defendant Fowler received the
benefit of the rentals collected from the occupant of said
real property, and that between said last-mentioned date
and September 1, 1915, the defendant Goudge received such
benefit, and that said option terminated on November 30,
1914. The court concluded as matter of law that each of
said defendants was liable to the plaintiffs for unpaid
taxes up to the time of the termination of said option, the
amount of which it found to be the sum of $1,306.94, and
for which the plaintiffs recovered judgment.

The appellants' first contention in support of their appeal
is that the court erred in finding that the written agree-
ments above referred to constitute an option to purchase said
real property and not a lease thereof with option to pur-
chase, and they refer to certain provisions of the instru-
ments as bearing out this contention. [1] It is very plain,
however, that, in view of the ambiguity appearing upon the
face of the agreement of October 1, 1912, which was in
nowise removed by that of July 12, 1913, ostensibly pre-
pared and executed for that purpose, the trial court was
justified in resorting to evidence of the circumstances under
which these instruments were made, ''including the situa-
tion of the subject of the instruments and of the parties
to it'' (Code Civ. Proc., sec. 1860). [2] Having admitted
evidence upon these points, it has found upon such evi-
dence that the instruments do not constitute a lease. As
we have said, appeal is here upon the judgment-roll alone.
This appellate court, therefore, must assume that the evi-
dence thus admitted fully supports the findings of the court
(*Horton* v. *Dominguez*, 68 Cal. 642, [10 Pac. 186]; *Peck*
v. *Noee*, 154 Cal. 351, [97 Pac. 865]), so that the appellants
are in no position here to argue that the writings in ques-
tion bear the dual character of lease and option.

[3] It is next urged by the appellants that the court
erred in restricting plaintiffs' recovery of unpaid taxes to
those due up to December 1, 1914, contending that all taxes
payable to the 15th of April, 1916, ought to have been al-
lowed, the latter being the date when, according to the
court's finding, the plaintiffs resumed control and dominion

over the real property. But the trial court having, upon consideration of the evidence received, construed the written agreements which created the rights and obligations of the parties hereto to be an option merely concluded— and we think correctly—that only those taxes which became due during the life of the option were payable by defendants. They having had the full benefit of said option up to the first day of December, 1914, they could not avoid payment of such taxes as were then due; their interest in the option then terminating, there was no further obligation resting upon them to discharge taxes thereafter accruing against the property. (*Jordan* v. *Swan*, 43 Cal. 564; *Smith* v. *Bangham*, 156 Cal. 359, [104 Pac. 689].)

[4] It is finally contended by the appellants that there were no issues in the case supporting certain of the findings of the court. The findings thus attacked are those which the court made as to the circumstances surrounding the transaction. But since there was an issue as to the correct interpretation to be given to the writings set out in the complaint, and upon which the plaintiffs based their alleged right of recovery, and the court properly admitted evidence of facts relevant to this issue, its findings touching those circumstances cannot be said to be outside of the issues made by the pleadings.

For the reasons given, the judgment is affirmed.

Waste, P. J., and Knight, J., *pro tem.*, concurred.